LAND, J.
This is an action to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant company. The case was tried before the district judge, who rendered judg? ment in favor of the defendant, and plaintiff has appealed.
The negligence charged in the petition is that defendant furnished a defective and insufficient “runway” or “dolly run,” fop the carriage of heavy pieces of oak timber, and that the accident was occasioned by the giving way and breaking of the “runway” between two of the cross-ties of a railway track on which it was resting; the “runway” being insufficient to sustain the great weight of the piece of oak timber resting on it.
*501 Defendant pleaded the general issue, and specially denied that the injury complained of occurred on account of its fault, and averred that it was due to the carelessness and negligence of the plaintiff and his fellow servants in managing and handling the “dolly” on the occasion in question.
On November 16, 1903, plaintiff and several other carpenters employed by the defendant were engaged in constructing a log dump, which required the use of heavy oak timbers, 12 inches square by 16 feet long. It was necessary to move these timbers from the mill to the place where they were to be used, a distance less than 100 feet. Under the directions of the foreman of the mill the plaintiff and his fellow workmen took planks, 2 inches in thickness, and laid them end to end on the cross-ties near the center of the railroad track. The planks thus laid constituted a, comparatively level surface on which the “dolly” was intended to operate. The “dolly” consisted of a wooden roller and frame on which a part of the stick of timber rested while being carried along the runway. On the occasion in question the “dolly” was operated by three men; two in front pulling, and one in the rear guiding and pushing, the log. Plaintiff was one of the men in front. The roller of the “dolly” was 17 inches in length, and the planks constituting the runway were 2x8, 2x10, and 2x12 inches in width and thickness. The tracks had been recently surfaced with dirt, and in the center the top of the cross-ties were but an inch or two above the fill. The distance between the ties was from, 16 to 20 inches. The safe operation of the “dolly run” required that the piece of timber to be carried should be placed and kept on the center of the roller frame, and that the ends of the roller should be kept nearly equidistant from the edges of the planks. It is obvious that planks two inches thick, laid horizontally along the center of the track, would not give between the cross-ties further than the surface of the filling. The planks were comparatively new, and there is nothing to show that any of them were defective. Plaintiff was a carpenter of six years’ experience, and he and his fellow carpenters took the planks from the pile . designated and with them constructed the runway. One or more trips had been made when the accident occurred.
Plaintiff’s testimony as to the dimensions of the plank used does not agree with, me testimony of any other witness. He stated that planks 1x12 and 2x6 and 2x8 were used in the construction of the runway. Plaintiff and his main witness, Thomas, both testified that a plank 2x6 broke and caused the accident. All the other witnesses testified that the planks used were 2x12, 2x10, and '2x8. Plaintiff and his same witness testified that the cross-ties were from two to three feet apart, and the track had not been surfaced or filled in. A number of witnesses testified to the contrary. Plaintiff stands alone in the assertion that the planks used were refuse stuff. Plaintiff’s case, as shown by the testimony of himself and Thomas, is that a plank 2x6 broke between the cross-ties at a point where the railroad track had not been surfaced or filled in. The decided weight of the evidence is that no such plank 2x6 was in the runway and that the track had been surfaced or filled in. Hence the most that can be affirmed on the testimony of plaintiff and Thomas is that a plank in the runway broke for some cause or reason not explained by the evidence.
The sufficiency of the other planks for the purpose intended is shown by the fact that the “dolly run” was successfully operated both before and after the accident.
There is a good deal of evidence in the record which negatives the assumption that any plank broke on the occasion in question. We do not know what weight the trial judge attached to such evidence or what were his findings on the issues of fact We only *502 know that in his opinion the evidence justified a judgment in favor of the defendant company. If the judge found that the cause of the accident was the breaking of a plank, he also found that defendant was not guilty of negligence in furnishing material insufficient or unsuitable for the construction of a “runway.” It must be noted that this “runway” was constructed by carpenters, who had hired themselves for that purpose, and who presumably knew their business. They certainly deemed the planks sufficient for the purposes intended, and used them without protest or objection. That the planks were sufficient for the operation of the “dolly run” with ordinary care is shown by the fact that it was so operated before and after the accident. If 'one plank was broken as alleged, the evidence does not show that such plank was defective, or was insufficient, on account of its .dimensions, for the uses intended. Having failed to show that the plank alleged to have been broken was smaller than the other planks used on the runway or differed from them in soundness, the logical necessity of the situation has forced the plaintiff to argue that the runway as constructed was insufficient in width for the purposes for which it was intended.
Plaintiff was a mature man, a carpenter by trade of six or seven years’ experience, and hired himself as a mechanic competent to perform constructive work about the defendant’s mill. The risk of operating a “dolly” on the narrow runway in question was obvious to any man of ordinary understanding, and the plaintiff assumed the risks of the employment. See Moffet v. Koch, 106 La. 379, 31 South. 40.
The burden of proof was on the plaintiff to show that defendant was negligent in furnishing planks which were defective or insufficient for the purposes intended! There is no sufficient evidence to prove that the plank alleged to have broken was unsound or insufficient in dimensions to sustain the weight to be carried. The fact that all the other planks in the runway sufficed for the purpose of moving all the heavy pieces of timber from the mill to the skidway or dump demonstrates their sufficiency for the purpose for which they were used. If the alleged broken plank was insufficient, we must assume, in the absence of contrary evidence, that the defect was latent and not discoverable by inspection. All of the planks were taken from the pile by the plaintiff and his co-workers, who were practical carpenters, presumed to know the difference between sound and defective lumber. The only special defect stated by plaintiff in his testimony as to the particular plank in question was its inferior size. He also characterized all the lumber used as refuse. Both of these statements are disproved by a preponderance of the evidence, as is also the statement of plaintiff and Thomas that the cross-ties were from two to three feet apart and the track had not been surfaced. Eliminating such testimony, the conclusion is either that the plank did not break at all, or, if it did,, the breakage was caused by some latent defect-' or the manner in which the “dolly” was operated.
Questions of negligence of this kind involve matters of fact, left in a great degree to the determination of the trial judge or jury; and when the evidence is conflicting, and the judgment below is against plaintiff, bearing the onus of proof, it should be affirmed, unless clearly erroneous. We do not think that the plaintiff has made out his case with reasonable certainty. . No useful purpose would be subserved by review of the cases cited by plaintiff’s counsel wherein it was found as a matter of fact that the defendant, had been negligent.
Judgment affirmed.