This is a suit for compensation for total, permanent disability arising out of an accident which is alleged to have occurred on June 5, 1941, whilst the plaintiff was in the employ of Barber Brothers Construction Co., Inc., or of Perrilliat-Rickey Construction Co., both of which were engaged in the construction of an airport in the City of Baton Rouge. It developed that he was employed by the Perrilliat-Rickey Construction Co., whose compensation insurance was carried by the American Motorist Insurance Co., which is in fact the real defendant in the suit. The amount of wages paid and the resulting compensation to be due if any, are not disputed. Plaintiff also claims the maximum amount of medical expenses he would be entitled to under the compensation statute less some amount, which he does not know, which has already been paid for him.
In his petition he alleges that on June 5, 1941, he was driving a three mule team pulling a sort of scoop used in doing grading work. This scoop has a wide blade which digs into and scoops dirt and it is operated by means of a handlebar or lever. The handlebar or lever is guided by an employee other than the one who drives the mules and when not put in operation remains stationary. On the morning of the accident plaintiff avers that the handle on the scoop which he was driving kicked back and struck him in the stomach about the inguinal region, injuring him and causing him immediate pain. That he tried to keep on working but the pain became so severe that he reported to his foreman and was sent to a first aid man on the job. He avers that he was given certain instructions what to do, that he followed the instructions and continued to try to work for a few days but the pain continued. On June 17, 1941, whilst he was doing some other work the pain became so intense that he was unable to continue, so he again reported to his foreman and was sent to Dr. Godfrey, a physician employed by the insurance company.
He avers that as soon as Dr. Godfrey examined him he reported that he was suffering from a hernia and was unable to perform the work which he was accustomed to do and consequently he has not done any kind of work since. He specifically alleges that prior to June 5, 1941, he was suffering from no pain in his stomach and inguinal regions and suffered no disability whatsoever with respect to the type of work he was doing but that since then he has been unable to do that kind of work or any other kind of hard manual work, the only kind he is fitted for and therefore he is totally disabled and entitled to recover compensation.
The three parties made defendant filed a joint answer in which they deny more or less all of the allegations that are contained in the plaintiff's petition except that he was sent to Dr. Godfrey and examined by him and that this doctor found a left indirect inguinal hernia of long standing, about the *Page 394 
size of a pecan. The defendants then aver affirmatively that plaintiff is well trained in the art of deception and that on October 13, 1939, he collected the sum of $1,300 as compensation for a left inguinal hernia and is seeking here to collect compensation for the same hernia. Without admitting any liability, they aver that they offered to have their physician perform an operation on the plaintiff for a left inguinal hernia which he at first agreed to but at the last moment refused. They deny that he had any accident and that he suffered any injury, that he gave no indication of having been incapacitated to do work until he had been discharged and that at the time he was discharged he stated most positively that he had never had any rupture on his left side. They further set out the manner in which he had received $1,300 for a left inguinal hernia on October 13, 1939, alleging that it was under an agreement for a lump sum settlement with his then employer, which agreement had been approved by judgment of court under the provisions of the compensation statute.
There was judgment below in favor of the defendant and against the plaintiff, dismissing his suit, whereupon this appeal was taken.
All of the witnesses who testified in the case were those called by the plaintiff, including all the doctors, and the only testimony submitted by the defendants was the cross examination of the plaintiff himself. Counsel for the defendants still seem to doubt that the plaintiff sustained any such accident as he testified about but we are satisfied that he has shown by a preponderance of the testimony that he was struck in the stomach by this handlebar as he claims and that he reported the accident to his foreman. The issue in the case is whether the hernia on his left side, which he undoubtedly had on July 24, 1939, at which time he was examined by Dr. John McKeowen, had become so aggravated by reason of the accident he complains of, as to have brought about the condition of total disability for which he is now seeking to recover compensation.
It is admitted, for indeed it could not be disputed, that on October 13, 1939, this plaintiff did settle a claim for compensation against another employer for a left inguinal hernia, for the sum of $1,300, cash. This is shown by the record of the proceeding had before the court and is settled beyond doubt. The question then arises, if he had a hernia at that time for which he claims that he had been rendered totally disabled and accepted settlement, how can he again be compensated for total disability by reason of that same hernia? The only contention, as we view it, that is made in his behalf, is that whatever the nature of the hernia might have been at that time, plaintiff did go back to work and as he did work and is now disabled, his present disability must be caused by an aggravation of that same hernia.
This might be a plausible contention to make in a case where a man might have what is referred to in the medical profession as a potential hernia, and, because of that condition an incomplete or a reducible hernia would come about by reason of an accident sustained by him while on the job. In other words, if a man had a weakened wall and was predisposed to hernia, and an accident happened to him resulting in the hernia actually developing, he would then be held to come within the provisions of the statute and could recover compensation. But that is not the situation here. This plaintiff actually had the hernia and whether he actually did some physical work or not, under the compensation law he was considered disabled and was entitled to receive compensation for which, as is shown, he already had settled back in the year 1939. If a hernia is once totally and permanently disabling, as this plaintiff represented to the court that his was in 1939, it cannot again become so disabling.
The medical testimony in this case does not bear out the contention of the plaintiff that his hernia has been so seriously impaired and aggravated by the accident of June 5, 1941, for that to be the cause of the total and permanent disability he now complains of. Dr. Godfrey's report made when he examined him seventeen days after the accident contains some inconsistencies with his testimony but these are all satisfactorily explained by him. Besides they are not material to the question which is presented in the case. The difference in the size of the hernia compared to what it may have been before, he, like the other doctors who testified, attributes to the more or less normal progress that was to be expected. It is true that he and Dr. McKeowen were both engaged by the defendant insurance company but their testimony impresses us as being unbiased and based entirely on their examination and whatever other observations they made of the plaintiff. *Page 395 
As a matter of fact it cannot be said to be at any great variance with that of Dr. Schewen Slaughter who had been consulted by the plaintiff himself and who seemed to be very doubtful that the enlargement of the hernia could have been produced by trauma resulting from the accident.
We are convinced of the correctness of the judgment appealed from and it is therefore affirmed.