HARDY, Judge.
This is a suit in which plaintiff claims compensation for total permanent disability from defendant as insurer of his employer. After trial there was judgment in favor of plaintiff, from which defendant has appealed.
Plaintiff alleged that on May 10, 1954, while engaged in the course and scope of his employment as a swamper in the employ of G. M. Bagley, an oilfield teaming and trucking contractor, he sustained an accidental injury which caused his total and permanent disability. On the date set forth, while attempting to lift the pole of a trailer for the purpose of coupling the same to a motor truck, plaintiff was stricken by an acute pain in his lower back. As the result of this accident plaintiff *102 specifically averred that he sustained an aggravation of pre-existing degenerative .arthritis of the lumbosacral joint, together with a symptomatic settling in the form ■of an acute lumbosacral sprain superimposed on an acute lumbosacral angle. By amended petition plaintiff alleged that he .sustained a ruptured intervertebral disc.
Without the necessity for an analytical •discussion of the testimony, we think the record establishes beyond any reasonable •question the fact that plaintiff suffered an ••accidental injury. Nor do we think there is any room for doubt as to the fact that .at the time of trial plaintiff was totally •disabled, which disability was of a permanent nature, according to the weight of the expert testimony. Counsel for defendant has conceded in brief before this court:
“ * * * that the evidence in this case shows that plaintiff has a weak back that will cause him pain when ■subjected to heavy manual labor.”
The issue that is here presented is found •in counsel’s argument that the pain and ■disability which plaintiff had suffered subsequent to the date of the accident of May 10, 1954, is simply an acute manifestation of an old condition, caused by the heavy strain of continued manual labor •on an already disabling back condition.
In support of this contention counsel relies upon certain facts which do not .admit of dispute and which may be briefly summarized as follows:
On September 10, 1951, petitioner, while employed as a laborer by R. E. and J. R. McCullough in DeSoto Parish, sustained an accidental injury to his back, as the result of which he brought suit against his employer’s insurer, alleging that he had been totally and permanently disabled and seeking compensation therefor. A joint petition by plaintiff and the defendant insurance company proposing a compromise settlement of plaintiff’s claim was duly approved by the court, and, under the terms thereof, plaintiff received a lump sum payment of $1,500 in addition to almost $500 in compensation benefits and something less than $250 for medical expenses theretofore paid.
Counsel contends that this suit, which represents a second judicial demand for workman’s compensation benefits by reason of permanent, total disability to engage in heavy manual labor, should be rejected because plaintiff, according to his own judicial averments, was totally and permanently disabled by reason of an accident which occurred more than two and one-half years prior to the incident which forms the basis of plaintiff’s present claim.
We do not think this argument is convincing inasmuch as the compromise settlement which was accepted by plaintiff specifically recognized the existence of a bona fide dispute “ * * * as to the occurrence, existence, nature, extent and duration of claimant’s injury and disability; * * But defendant’s counsel industriously urges the proposition that plaintiff’s expert witness in the instant case, who is a distinguished specialist in orthopedics, thoroughly examined plaintiff following the accident of September 10, 1951, upon the basis of which he reached the conclusion and expressed the opinion that plaintiff was then totally and permanently disabled.
As best we are able to condense counsel’s argument, it appears in effect that it is being urged that a plaintiff who has once sustained a total and permanent disabling injury cannot recover upon the basis of a subsequent claim for total permanent disability. While we think this proposition poses a very serious and very difficult question of law, we do not think, under the facts here involved, that it is either material or relevant with respect to the instant case. The facts convincingly demonstrate that despite the allegations of plaintiff’s petition in 1952, and despite the expressed opinion of the expert medical consultant, plaintiff was not permanently and totally disabled as the result of the accident of September, 1951. According to the facts which were established *103 on trial of this case, plaintiff, in March 1953, returned to heavy manual labor which he steadily performed, apparently without ill effects, until he sustained the accidental injury of May 10, 1954. Plaintiff himself testified that, after his compromise settlement of the claim which he asserted in 1952, he rested for a period of some months before he felt able to again undertake heavy manual labor. There is no evidence in the record which throws doubt upon these facts and the assumptions which must be reasonably predicated thereupon.
Counsel for defendant relies heavily upon the holding in the case of Whitfield v. Barber Bros. Construction Company, La.App., 10 So.2d 393. We do "not regard this authority as being persuasive in view" of the fact that the -cited case was concerned with the right to compensation as the result of sustaining an inguinal hernia when it was shown, under the facts, that the plaintiff had settled a compensation claim for an identical disability. The court simply held that one who had accepted compensation for an alleged total and permanently disabling injury could not again recover compensation for disability which resulted from the continuance of the same condition. We quite appreciate the fact that this is the point which defendant’s learned counsel here urges, namely, that this plaintiff is suffering from the identical nature and kind of disability which he sustained some years before. But, as we have tried to point out, this argument does violence to the facts established in this case. It is quite true that plaintiff suffers from much the same type and nature of disability as that which he sustained in 1951, but, in our opinion, it was established that plaintiff recovered from the disabling effects of the 1951 injury. To make our point somewhat more exact we may illustrate by observing that if the hernia from which the plaintiff suffered in the above-cited case had been reduced either by surgical intervention or by other processes, after which he had returned to heavy manual labor, in the course of which he had again sustained a similar hernia, we think he-might have been entitled to recovery. In-the instant case we are convinced that plaintiff recovered from his first injury and it matters not whether the disability resulting from the accident of May 10, 1954 be attributable to a new and independent physical disability resulting from-almost identical manifestations, or to the exaggeration or breaking down or recurrence of physical defects, he is nevertheless entitled to recover.
It may very well be that even the effects of this injury will prove to be less thart total and permanent in extent and duration, and, if so, the law accords defendant adequate protection.
For the reasons assigned the judgment, appealed from is affirmed at appellant’s cost.