129 So.2d 39 (1961)
Mrs. Mattie OLIVER, Plaintiff-Appellant,
v.
Charles F. PITARRO et al., Defendants-Appellees.
No. 9450.
Court of Appeal of Louisiana, Second Circuit.
April 12, 1961.
*40 Trousdale & Oliver, Monroe, for appellant.
William L. Crowe, Monroe, for Charles F. Pitarro, d. b. a. Pitarro Plumbing & Heating Co., defendant-appellee.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for American Optical Co. and The Aetna Casualty and Surety Co., defendants-appellees.
AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries allegedly sustained December 10, 1959, in an accident when she slipped and fell while walking in an alley to the rear of a building occupied by the defendant, American Optical Company, at 325 Harrison Street in the City of Monroe. Also made defendants were the optical company's liability insurer and Charles F. Pitarro, d. b. a. Pitarro Plumbing & Heating Company.
For a cause of action, plaintiff alleged her fall was caused and precipitated when she stepped upon substances taken from the sewer pipes and drain trap of the optical company which Pitarro had been employed to clean. These substances were allegedly dumped in the alley. The defendants denied any negligence on their part or on the part of anyone for whose acts they were responsible, and, in the alternative, pleaded contributory negligence on the part of plaintiff in bar of her right of recovery. In the further alternative, the optical company and its insurer specially denied any responsibility for the acts of Pitarro who, they alleged, was an independent contractor.
On these issues, the case was tried. After trial, the court concluded plaintiff had not established fault or liability on the part of either of the defendants. Hence, there was judgment rejecting her demands, from which she prosecutes this appeal.
The primary issue relates to a question of fault or negligence, vel non, on the part of the defendants, or either of them, which would constitute a proximate cause of the accident. The question is, therefore, entirely factual in character and must be resolved by the facts established by the record.
In giving consideration to the evidence and in resolving this issue, certain well-established legal principles must be borne in mind. Among these is the rule that, in an action in tort, the burden of establishing negligence on the part of a defendant is on the plaintiff. Harris v. Tremont Lumber Co., 115 La. 973, 40 So. 374; Home Ins. Co. of New York v. I. R. & G. Co., La.App. 2d Cir., 1950, 50 So.2d 49; Hower v. Missouri Pac. R. Co., La. App. 2d Cir., 1932, 144 So. 780. There is likewise well established in the jurisprudence, the rule that negligence is never presumed but must be established by a preponderance of evidence. Thrash v. Continental Casualty Co., La.App. 2d Cir., 1941, 6 So.2d 75; McGregor v. Saenger-Ehrlich Enterprises, La.App. 2d Cir., 1940, 195 So. 624; Washington v. Yazoo & M. *41 V. R. Co., 11 La.App. 635, 124 So. 631. Moreover, the burden on plaintiff extends not only to the establishment, to a reasonable certainty of fault of a defendant but to the establishment of a causal relationship or connection between the alleged negligence and the injuries sustained. The showing of a mere possibility or a probability of such causal relationship is insufficient. Such connection must be established to a reasonable certainty by a preponderance of evidence. Rohr v. New Orleans Gaslight Co., 136 La. 546, 67 So. 361; Cone v. Smith et al., La.App. 2d Cir., 1954, 76 So.2d 46; Trepagnier v. Douglas Public Service Corporation, La.App., Orleans 1958, 101 So.2d 232, 236.
Under the facts established in this record, there is no question of plaintiff's fall, while she was walking in the alley in returning to her place of employment. Nor is there any question that she suffered severe and painful injuries as a result of this fall. Nor is there any question that defendant Pitarro's employee cleaned the sewer pipes and trap at the place of business of the optical company and dumped the refuse in the alley.
The alley, as shown by both testimony and photographs filed in evidence, was hard surfaced, probably with asphalt, and constructed with a drain down the center eastward to an entrance to a storm sewer located near the east end of the block. On the morning of the accident, Pitarro was requested by the optical company to clean the sewer pipes and sewer trap at its place of business. In the performance of this request, the trap was removed and emptied into the middle of the alley, which was then full of water because of a rain which had been, and was then, falling. In addition, several buckets of water were used in washing the refuse toward and into the drain or storm sewer. A few hours thereafter plaintiff left her place of employment at the rear door, walked in a westerly direction on the north side of the alley to the rear of a dry goods store where she entered and made purchases to be wrapped for Christmas gifts; whereupon, she left the store to return to her place of employment. In doing so, she followed a course along the south side of the alley. On reaching a point near the rear of the optical company, she fell. No one witnessed the fall, but no doubt is cast on its reality because of the injuries sustained and from the substances found on her person and uniform.
The record, however, does not disclose, to that degree of certainty as required by law to support a judgment, that the deposit of the refuse was the cause of her fall. This is discounted by virtue of its contents of particles of glass and emery dust which were not shown to have been of a slick or slippery nature. Moreover, the surface of the alley was rough, uneven, and sloping, and, at the time, wet. There were pieces of broken glass, mud, and gravel in the alley where plaintiff says she slipped. Either of these conditions could have precipitated plaintiff's fall. The uncertainty of the cause of her fall is increased as, obviously, plaintiff did not, at the time, apparently, know or realize what had caused her to fall.
To recover damages for injuries sustained through the alleged fault of another, the fault and the connection between the fault and the injuries must be shown with reasonable certainty. There can be no recovery where only the possibility, or even the probability, of such fault and connection is shown. The evidence fails to make the case against the defendants reasonably certain and plaintiff cannot, therefore, recover, as was so held by the trial court.
Accordingly, the judgment appealed should be, and it is hereby, affirmed at plaintiff-appellant's cost.
Affirmed.