Mrs. Doris SHEANE

v.

PHOENIX INSURANCE COMPANY
OF HARTFORD.

Civ. A. No. 8431, Div. "C".

United States District Court
E. D. Louisiana,

New Orleans Division.

Sept. 7, 1962.

John R. Frenkel, Hartel & Kenny, Roland J. Sternfels, New Orleans, La., for plaintiff.

P. A. Bienvenu, Bienvenu & Culver, New Orleans, La., for defendant.

WEST, District Judge.

## REASONS FOR JUDGMENT

This case involves a claim for damages for personal injuries allegedly sustained by petitioner, Mrs. Doris Sheane, as a result of an automobile accident in which she was involved on October 18, 1957. In the alternative, petitioner demands benefits as for total and permanent disability pursuant to the provisions of the Louisiana Workmen's Compensation Act. The case was tried to the Court, without a jury, on June 11, 1962, after which counsel for both parties submitted briefs. After considering the testimony adduced on trial, and the briefs submitted by counsel, the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.

Petitioner, Mrs. Doris Sheane, is a resident of the State of Louisiana, residing within the Eastern District of Louisiana, and respondent, Phoenix Insurance Company, is a foreign insurance corporation, authorized to do and doing business within the State of Louisiana.

2.

The defendant issued a policy of public liability insurance to J. E. Sheane, d/b/a Sheane's Buick Company, which was actually a garage liability policy, providing for limits of liability for personal injury of $25,000 for each person, and $50,000 for each accident, which said policy was in full force and effect at all times pertinent hereto, and did, in fact, cover the automobile in which petitioner was riding at the time of the accident complained of. The defendant also issued a standard policy of workmen's compensation insurance to J. E. Sheane, d/b/a Sheane's Buick Company, which covered all employees of the Sheane Buick Company, and which policy was in full force and effect at all times pertinent hereto.

3.

Petitioner, Doris Sheane, is the lawful wife of James E. Sheane, and was living with her said husband at all times pertinent to this suit.

4.

On October 18, 1957, petitioner, while riding as a passenger in an automobile owned by her husband, James E. Sheane, doing business as Sheane Buick Company, was injured when that automobile, driven at the time by petitioner's daughter, Maureen Elizabeth Sheane, collided with another automobile at the intersection of Madison and Eighteenth Streets in Covington, Louisiana.

5.

There was not one scintilla of evidence introduced at the trial of this case to even indicate that Maureen Elizabeth Sheane was guilty of any negligence whatsoever, either causing or contributing to the cause of this accident.

6.

Petitioner's husband, James E. Sheane, purchased the business known as Heisler Buick Company, in September of 1956, which business, after being purchased by him, became known as the Sheane Buick Company. This business was bought by Sheane with funds belonging to the community of acquets and gains existing between him and his wife, petitioner herein.

7.

Mr. Sheane never worked in the business at all, it being managed and operated by his wife, petitioner herein, Mrs. Doris Sheane. Mr. Sheane had full time employment with the Poole Lumber Company.

8.

Petitioner, Mrs. Sheane, had regular duties which she performed for the Sheane Buick Company, which included being in charge of the office; acting as both a new car and used car saleswoman; preparing cars for delivery; washing and polishing automobiles; cleaning up-

holstery; picking up and delivering automobiles, etc.

9.

Petitioner had previously been employed in the same capacity for the Heisler Buick Company, the preceding owner, and she had, before that, been employed in the same capacity by the next preceding owner, the Charles Morse Buick Company.

10.

While employed by Sheane Buick Company, petitioner was paid a regular weekly wage, out of which income taxes were regularly withheld. She and her husband filed joint income tax returns. Petitioner's daughter, Maureen, also worked on occasions for Sheane Buick Company, and was also paid wages therefor.

11.

On the day of the accident in question, petitioner had delivered an automobile to a customer, and her daughter, Maureen, had followed in another automobile belonging to Sheane Buick Company to provide return transportation for petitioner. After the automobile had been delivered to the customer, and while petitioner and Maureen were on their way back to the Sheane Buick Company, this accident occurred. There was absolutely no evidence of any kind introduced at the trial of this case to show how the accident happened, except that there was a collision between this automobile being driven by Maureen, and in which petitioner was riding as a passenger, and another automobile being driven by one Charles David Whitley. No attempt was made whatsoever to prove negligence on the part of either driver.

12.

The injuries sustained by petitioner as a result of this accident were diagnosed as a laceration of the right knee; a bruise of her left chest and breast; and a bruise of the left leg.

13.

The evidence clearly shows that petitioner had been suffering with a severe case of varicose veins at least as far back as 1955, at which time she was hospitalized because of this condition. At that time she had a clot and infection in her left leg, caused by what was described as a very severe case of varicose veins.

14.

Petitioner has been troubled continuously, at least since 1955, with varicose veins, causing both discoloration and swelling of her legs, particularly, her left leg.

15.

In the normal course of events, it would be expected that the swelling and pain in her leg would get progressively worse due to her varicose veins, and due to her obesity. (Petitioner weighed 230 pounds at the time of trial.)

16.

On March 9, 1957, petitioner was involved in another accident in which she received multiple fractures of her ribs; a fracture of the right side of the pelvis in two places; a large laceration of the scalp; multiple bruises and contusions over the pelvic area, and a fracture of her shoulder. She also, at that time, was suffering with varicose veins, causing swelling and pain in her left leg. She was hospitalized from March 9, 1957, to April 30, 1957, as a result of this accident. Even though there was no direct injury to her legs in that accident, she suffered with severe pain in her leg for which she was regularly given sedation while in the hospital.

17.

Following the accident involved in this present suit, petitioner did not attempt to return to work for one week, after which she did, in fact, return to her regular occupation, even though she contends that she could perform only "limited" duties. She continued to perform these duties until the business was sold by her husband in March of 1958.

18.

It is significant to note that following this accident, no claim was made by pe-

titioner for workmen's compensation benefits. Almost exactly one year elapsed from the date of the accident until petitioner filed this suit, which was originally a suit claiming only benefits for tort liability. Almost three years then elapsed from the filing of the initial suit until the petitioner, by supplemental and amending petition, finally made a claim for workmen's compensation benefits.

19.

Only one doctor was called to testify by the plaintiff in this case, and in view of the very inconclusive nature of his testimony, this Court concludes that any disability which petitioner might have had after one week following this accident was not caused by the accident in question, but was a direct result of the varicose veins from which she had been continuously suffering at least as far back as 1955.

20.

Even though petitioner's daughter, Maureen, was present in the courtroom at the time of trial, petitioner did not call her to testify as to her condition, and no other witnesses were called by petitioner to verify her alleged inability to work following this accident.

CONCLUSIONS OF LAW

1.

This Court has jurisdiction over this matter pursuant to the diversity provisions of 28 U.S.C.A. 1332.

2.

▮ Negligence is an affirmative fact that is not presumed but must be proved by the party who alleges it. Sumrall v. Aetna Casualty & Surety Co., La. App., 124 So.2d 168; Oliver v. Pitarro, La.App., 129 So.2d 39. Since petitioner has failed to introduce any evidence whatsoever to show negligence on the part of the defendant's assured, and she has thus completely failed to carry the burden of proving negligence on the part of the driver of the automobile in which she was riding as a passenger, there can

be no liability on the defendant insofar as plaintiff's tort claim is concerned.

3.

▮ The law is well settled in Louisiana that the aggravation of a pre-existing injury or disease, organic or otherwise, caused by accident in the course and scope of employment is compensable under the Workmen's Compensation Laws of Louisiana if such aggravation actually causes disability within the purview of the Workmen's Compensation Laws. LSA–R.S. 23:1021 et seq. Rainwater v. Timothy, La.App., 87 So.2d 11; Washington v. Atlantic & Gulf Stevedores, Inc., La.App., 85 So. 2d 714; Lopez v. McElhiney Lithographing Co., La.App., 130 So.2d 781.

4.

▮ Even though the Workmen's Compensation Laws should be liberally construed in favor of an injured employee, nevertheless, the plaintiff still has the burden of establishing her claim, and speculation, conjecture, mere possibilities, and even unsupported probabilities are not sufficient to serve as a basis of a judgment in her favor. She bears the burden of proof, and must establish all elements of her claim, including her claim of actual disability, and its causal connection with the accident complained of to a legal certainty by a reasonable preponderance of the evidence. Davis v. Swift & Co., La.App., 68 So.2d 670; Roberts v. M. S. Carroll Co., La.App., 68 So.2d 689; Williams v. New Amsterdam Casualty Co., La.App., 121 So.2d 760; Mouton v. Levert-St. John, Inc., La.App., 134 So.2d 139.

5.

▮ In order for the petitioner to successfully prove the aggravation of a pre-existing condition by accident, she must establish to a legal certainty and by a preponderance of the evidence, that the condition complained of existed prior to the accident; that perceptible damage was done to it by the accident; and that the pre-existing condition worsened as a

direct result of the accident to such an extent as to create a disability within the purview of the Workmen's Compensation Laws. Taylor v. Mansfield Hardwood Lumber Co., La.App., 65 So.2d 360.

**6.**

■ Where the medical testimony in a compensation case is too vague, indefinite, confusing or inconclusive for the Court to draw upon such evidence for an intelligent conclusion, the Court must then look to lay testimony and the circumstances surrounding the issues in order to arrive at an equitable conclusion. Hebert v. Fifteen Oil Co., La.App., 46 So.2d 328.

**7.**

In the instant case, there was only one doctor who testified. While on direct examination he stated that in his opinion petitioner suffered a disability as a result of the accident, he nevertheless testified on cross examination that petitioner's condition could very probably have been caused by the progressive nature of the varicosity of her veins, whether she had been involved in an accident or not. This testimony, standing alone, falls far short of proof of plaintiff's claim to a legal certainty. Consequently, the Court must look to the record as a whole.

**8.**

■ An examination of the entire record convinces the Court beyond any doubt that petitioner has failed to carry the required burden of proving her claim to workmen's compensation benefits. The accident in which she was involved occurred on October 18, 1957. Suit was filed by petitioner on October 15, 1958, or one year later, in tort only. No claim for workmen's compensation benefits was ever made by the petitioner until an amended complaint was filed on August 25, 1961, or approximately four years after the accident in question. Petitioner testified that following the accident, she remained away from her job for only one week, and then vaguely stated that when she returned, she only worked "about fifty per cent of the time". While she testified that she had other employees working for her, including her own daughter who was present in the courtroom during the trial of this case, she did not produce her daughter or any other employee to testify as to any apparent disability she might have had or as to the time she might have lost from work following this accident. The testimony of Dr. Duplantier is at best inconclusive, and petitioner's testimony, standing alone, does not satisfy this Court as to the validity of her claim. On the contrary, this Court is convinced that the testimony adduced at the trial preponderates in favor of the conclusion that the petitioner's present disability, if any she has, is caused solely and entirely by the long existing condition of varicose veins, unhampered and unchanged by the accident in which she was involved on October 18, 1957.

**9.**

It is, therefore, the opinion of this Court that petitioner has failed to carry the burden of proving her claim to a legal certainty and by a reasonable preponderance of the evidence, and therefore her demands must be denied.

**10.**

Defendant has urged as a defense that Sheane Buick Company was owned by petitioner's husband, and that because, under Louisiana law, a husband and wife may not contract with each other, petitioner could not be an employee of her husband. Defendant further contends that it is not possible under Louisiana law for a husband and wife to enter into a partnership, and hence, since the plaintiff cannot be an employee of her husband, nor a partner in a business with him, she may not claim the benefits of the Workmen's Compensation Laws of Louisiana. Since it is the conclusion of this Court that the plaintiff did not, in any event, suffer a compensable injury in the accident of October 18, 1957, it becomes unnecessary for the Court to

pass upon this defense urged by the defendant.

11.

A judgment in accordance herewith should be prepared and presented by counsel for defendant.