ELLIS, Judge.
This workmen’s compensation suit was filed by Josh Taylor seeking an award for total and permanent disability from his employer’s insurer, The Fidelity and Casualty Company of New York. After a trial was had on the merits, judgment was rendered on behalf of the defendant insurance company dismissing plaintiff’s suit, with prejudice. Plaintiff then perfected a de-volutive appeal from this adverse judgment.
In the main, the facts are undisputed. During the cane grinding season in 1963, the plaintiff was employed by The South Coast Corporation to load bales of bagasse. This was admittedly heavy work, since the bales averaged three hundred pounds in weight. He had previously worked for *848 Celotex Corporation at the same type of work during the cane harvests for years prior to the date of the alleged accident. Celotex Corporation sold out to The South Coast Corporation before the 1963 cane harvesting. After plaintiff had worked about two weeks for The South Coast Corporation, he was required to have a physical examination. The examining physician, Dr. C. J. Schexnaildre, discovered that plaintiff had an inguinal hernia. Plaintiff worked one other shift after the examination was made, but was discharged when he reported to work on the succeeding shift. He was advised that he should have the hernia repaired by surgery, and then report back to work when he had recuperated from the operation.
The plaintiff, Josh Taylor, testified that he had been ruptured doing the same type of work for Celotex Corporation in either 1954 or 1955. He further testified that he then obtained a truss and wore it two or three days, but he then quit wearing it since he was not bothered by the hernia again until October 21, 1963. He stated he put the truss on again at this time. It is significant that this date was two days before Dr. Schexnaildre’s examination.
In plaintiff’s deposition, which is in the record, he stated, in effect, that he did not remember slipping or having an accident on October 21, 1963:
“Q. Now, you say it started bothering you. What do you mean, it started hurting you?
A. On the 21st. On the 21st.
Q. On the 21st of October—
A. Yes, sir.
Q. —it started bothering you?
A. Yes, sir.
Q. It started hurting you?
A. Yes, sir.
Q. What did you do about it then ?
A. Just worked on. I thought it might have been just like it may have done before, just a stiffness or working hard.
Q. I see. At that time you didn’t have any particular accident either ?
A. No, sir, I never had no accident.
Q. You were just doing your regular work, — ■
A. That’s right.
Q. —and in the course of your work it started bothering you?
A. That’s right.
Q. You know of no particular thing causing it to start ?
A. No, sir.
Q. It was just while you were working during the day it started bothering you?
A. That’s right.”
However, during the trial the plaintiff stated emphatically that he remembered slipping and having pains in the bottom of his stomach soon afterwards. However, plaintiff admitted that he did not tell anyone about any accident, any pain, or any occurrence from the time he slipped until the time he was examined by the doctor, some two days later. He also admitted that he did not tell the examining physician that he had had an injury or pain other than the incident some eight years previous.
He stated that he has done some truck farming on a half acre garden since he was discharged from his employment but that he had done no heavy work since that time. Josh Taylor had no medical or lay witnesses who appeared to corroborate his testimony.
Virgis Pitre, the baling station foreman in charge of the station where Josh Taylor *849 was working, testified for the defendant He stated that Josh Taylor did not complain of having stomach pains or a hernia at any time and particularly during the two or three days in October of 1963 in question. Pitre also testified that at the time Taylor was discharged Taylor made no mention to Pitre of an accident or injury on the job but that a worker could slip on the loose bagasse, injure himself but not realize he was hurt until later. However, there is no corroborative testimony in the record that plaintiff did so injure himself.
Josh Taylor’s shift foreman, Francis Volleau, also testified on behalf of the defendant. His testimony corroborated that of Virgis Pitre on each point. He also testified that any accidents were supposed to be reported to the foreman or timekeeper and contradicted plaintiff’s testimony regarding plaintiff's truss. Volleau stated he had seen the plaintiff wearing the truss on several occasions prior to October 21, 1963.
The examining physician, Dr. C. J. Schexnaildre, testified that he had examined plaintiff along with all plaintiff’s co-workers. The doctor stated that plaintiff had on an “apparently very old truss * * * rather shaggy and loose, it wasn’t performing any function of any importance at all.” Plaintiff was found to have a very large left inguinal hernia with a large external ring. The doctor concluded that this condition had developed over a two or three year span since the hernia and its external ring were so large. In addition, plaintiff had a large hydrocele, the origin of which was “probably congenital”. On cross examination, the doctor stated that the ring was so large on this particular hernia that a slipping accident, such as plaintiff claimed he had suffered, could not aggravate it from the standpoint of strangulation, or enlarge the ring significantly in a month’s time.
In essence, plaintiff’s only contention on appeal is that the injury he suffered in 1954 or 1955 was aggravated by an accident occurring on October 21, 1963, while he was working on his job for The South Coast Corporation. Counsel for plaintiff cites several cases in support of this position: Saltalamacchia v. Strachan Shipping Corp., La.App., 156 So.2d 291; Sheane v. Phoenix Ins. Co. of Hartford, D.C., 208 F.Supp. 407; Stockstill v. Bituminous Cas. Corp., La.App., 144 So.2d 918; Castee v. Great Am. Indem. Co., La.App., 81 So.2d 101; Williams v. Russell, La.App., 87 So.2d 761.
After a careful review of the record we feel that plaintiff has failed to bear the burden of proof in this workmen’s compensation suit which the law placed upon him. Bellard v. Liberty Mutual Insurance Co., La.App., 150 So.2d 624. At the time he was discharged, plaintiff was suffering from a hernia and a hydrocele, both of which preexisted his employment with defendant’s assured. The only medical evidence in the record is to the effect that plaintiff’s condition had developed over a period of years, not months, to the state in which it was found upon examination. Plaintiff made several conflicting statements concerning the occurrence of the accident. Furthermore, his testimony concerning his use of the truss prior to October 21, 1963 was refuted. Plaintiff reported the alleged accident or incident to no one, not even Dr. Schexnaildre. He also failed to prove not only that there was an accident but that his condition was such as would disable him, either temporarily or permanently. The preponderance of the evidence is to the effect that there was actually no occurrence or accident which aggravated plaintiff’s pre-existing condition to such an extent that plaintiff was rendered disabled. Under the circumstances here presented, the authorities cited by plaintiff’s counsel are inapposite.
Accordingly, the judgment of the trial court is correct and is hereby affirmed.
Affirmed.