McBRIDE, Judge.
On October 20, 1955, at approximately 6:00 a. m., a Buick automobile operated by defendant, Hamilton, ran into the rear of a Ford sedan owned and operated by John W. Masters, causing extensive damage thereto, and the plaintiff herein, which is the subrogee of Masters, brings this suit against Hamilton for the damages sustained by the subrogor. Upon the original hearing of the case below, there was judgment in favor of the defendant dismissing the *830 suit because the judge believed the accident was unavoidable, but after granting a rehearing, the judge reversed himself and rendered judgment in favor of plaintiff and against the defendant for $400 as prayed for. Hamilton has appealed.
We are only concerned with whether Hamilton was guilty of negligence in running into the rear of the Masters’ car. If Masters had been negligent to any degree and that negligence in anywise contributed to the accident, these are matters we cannot inquire into for the reason Hamilton has not pleaded contributory negligence on the part of Masters.
Both cars were proceeding from the direction of Slidell toward New Orleans on U. S. Highway 90 and the collision occurred near what is known as the 13-mile post. The facts are Masters drove his car into a fog bank but was compelled to stop because there was a stationary vehicle in the road ahead of him. Hamilton, proceeding in the same direction as Masters, entered the fog bank and collided with the latter’s stopped automobile which suddenly loomed up in his path.
Counsel for Hamilton contend that there are features connected with the case which distinguish it from the several cases decided by this and other courts in which it was held that the motorist traveling through a fog was guilty of negligence in running into another vehicle.
Hamilton stated he traveled in the right-hand lane behind a truck which to some extent obscured his range of vision forward, but nevertheless, to pass the truck, he swerved into the left-hand lane and then he saw ahead of him an oncoming fog bank which approached at an angle from his right. He estimated his speed at about 50 to 55 miles an hour and claims that when he sighted the fog, he slackened his speed to 40 miles an hour, entered the fog, and struck Masters’ automobile. The reasons he gave for not attempting to stop when he saw the fog ahead were that stopping his car would have created a dangerous situation due to the fact that traffic was heavy and there was a possibility that vehicles following him would crash into his car, and also because the roadway was wet and his car might skid. He professes he was confronted with a sudden emergency and that he did the best he could do under the circumstances.
Defendant insists that the rolling fog, which he said hugged the road, was about 45 feet away when he noted its presence and that he immediately applied his brakes in the effort to reduce his speed. However, Johnson, one of defendant’s passengers who appeared as a defense witness, states that he saw the fog bank when Hamilton’s car was a quarter of a mile away from it, and this statement causes us to wonder why Hamilton did not see the fog at the same time Johnson noticed it. If Johnson could see the fog that distance away, no reason has been pointed out to us why Hamilton should not also have become apprised of it at the same time had he been looking forward as he should have been.
Hamilton also testified that after his automobile entered the fog bank, he traveled for 15 or 20 seconds therein before the crash occurred.
By his own testimony Hamilton convicts himself of the grossest negligence. He should have seen the fog bank much sooner than he did, and had he done so he could have reduced speed to a prudent rate before he reached the fog so as to be able to stop within the range of visibility after he drove into it. His entry into the fog at a speed of 40 miles an hour is inexcusable. Moreover, even assuming Hamilton only saw the approaching fog when it was 45 feet away from him, it seems to us that he had ample time to reduce his speed to a proper rate even after he entered the fog because, taking his word for it, he traveled in the fog 15 or 20 seconds before he collided with the Ford. His negligence is too obvious to warrant further discussion.
The judgment appealed from is affirmed.
Affirmed.