McBRIDE, Judge.
Plaintiff, on his own behalf and for the use and benefit of his minor son, sued the defendants praying for a judgment in solido against them for the aggregate sum of $22,-575, representing the alleged monetary damages sustained by himself and the personal injuries sustained by his son as a result of an automobile accident which occurred on April 2, 1955. Plaintiff recovered judgment in the lower court for the sum of $6,550, and defendants appealed therefrom to this court. We maintained the defendants’ plea that plaintiff’s minor son was guilty of contributory negligence, reversed the judgment appealed from, and dismissed the suit (La. App., 94 So.2d 708). The Supreme Court reviewed the matter on certiorari and ultimately reversed our judgment and rendered “judgment in favor of plaintiff and against the defendants herein, in solido,” and remanded the matter to us “for proper consideration and assessment of damages in favor of plaintiff.” 235 La. 564, 105 So.2d 222, 227. The matter is now before us on said remand.
The trial judge awarded plaintiff in his own right a total sum of $2,550, representing damages to his automobile in the amount of $1,800, medical expenses of $250, and for future medical expenses $500.
It is conceded by plaintiff that the trial judge erred in the matter of the assessment of the damages sustained by plaintiff’s automobile and for his medical expenses. It was stipulated by counsel that the automobile was damaged to the extent of $1,304.-44, and that plaintiff incurred medical expenses of $225, and the allowance for such items should have been restricted to those amounts. Plaintiff is not entitled to recover $500 or any other amount for future medical expenses, for the reason there is no evidence to the effect that his son would require any further medical attention or treatment. Counsel for plaintiff make the argument that the young man’s disfigurement may be corrected by plastic surgery and that the allowance made therefor as “future medical expenses” is reasonable, citing Blanchard v. New Orleans Public Service, Inc., La.App., 25 So.2d 741. The record does not inform us whether surgery is necessary to or could correct the disfigurement, and even if any such showing had been made, we would be unauthorized to utilize the amount awarded in the cited case as a criterion for fixing the award in the present case. Any amount allowed could only be based upon the evidence of medical experts.
After the accident young Steele was taken to Charity Hospital for first aid treatment and then was permitted to return to his home. The next morning he saw his private physician, Dr. F. T. Gidman, who placed *563 him in Touro Infirmary where he remained as a patient for a period of six days. After his hospitalization, plaintiff’s son was con-, fined to his bed for a few days.
The only medical evidence is the report of Dr. Gidman, dated April 29, 19SS, wherein he stated:
“Sam Steele was involved in an automobile accident and received treatment at Charity Hospital on 4-2-55.
“He was seen at this clinic later on 4-2-55 and presented sutured lacerations of right post auricular scalp region, contusion, and abrasions right shoulder, contusions, abrasions, and fracture of 8th and 9th ribs right chest, hematoma of right side of abdomen, and abrasions of right knee. A few days later he complained of lower back pain.
“He also has fracture of nose, and was seen by Dr. Irvin Goldman, nose specialist.
“He is progressing well and should recover without permanent disability.”
There is no testimonial evidence bearing on the alleged disfigurement, and all we have before us are two photographs of plaintiff’s son which were received in evidence, one having been taken about four years prior to the accident and the other being made about six months after the injury was incurred. These are very small but we are able to discern from the later picture what appears to be a slight crook or curve in young Steele’s nose, but, of course, we do not know how serious the disfigurement may be or whether it is of a permanent nature.
The trial court granted plaintiff, for the use and benefit of his son, the sum of $4,000, but this amount appears to us to be excessive. It is true the young man suffered a fracture of the nose and fractures of two ribs in addition to the general contusions and abrasions set out in Dr. Gidman’s report, but we think that an award of $2,500 would be fair and constitute adequate compensation for the injuries including the slight disfiguration.
In accordance with the mandate of the Supreme Court directing us to consider and assess whatever damages plaintiff is entitled to, it is now ordered, adjudged and decreed that plaintiff, in his own right and on his own behalf, is entitled to recover the-sum of $1,529.44, and for the use and benefit of his minor son, plaintiff is entitled to a recovery of $2,500, both amounts to bear interest at the legal rate from judicial demand until paid. Costs of this court are to be borne by defendants.- . .