146 So.2d 451 (1962)
Lyle F. CARRIERE, Plaintiff-Appellant,
v.
AETNA CASUALTY COMPANY et al., Defendants-Appellees.
No. 539.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 1962.
Rehearing Denied November 26, 1962.
Henican, James & Cleveland, Murray F. Cleveland, New Orleans, for plaintiff-appellant.
Adams & Reese, Richard C. Baldwin, New Orleans, for defendants-appellees.
Before CULPEPPER, PONDER and McGEE, JJ.
WILLIAM H. PONDER, Judge ad hoc.
This is an action ex delicto in which the plaintiff is seeking to recover of the defendants, J. A. Jones Construction Company and its insurer, Aetna Casualty Company, in solido, the sum of $6,746.76, with interest *452 from judicial demand, for personal injuries, medical expenses and loss of property as a result of an automobile accident that occured on Royal Street in the City of New Orleans, Louisiana.
Plaintiff alleges that on or about May 31, 1959 at 2:30 A.M. he was driving his 1957 Ford automobile on Royal Street in the direction of Canal Street at approximately 20 miles per hour. That as he approached the intersection of Royal Street and St. Louis Street his vehicle suddenly crashed into an unlighted barricade comprised of wooden railings or uprights located in the street at a point opposite the partially constructed Royal Orleans Hotel. That as a result of this impact he was thrown violently against the dashboard of his vehicle, causing him to strike his head on the steering wheel or windshield.
Plaintiff further alleges that as a result of this accident he suffered a fracture of the nose, injury to his eyes, left knee and back. Further that the barricade was placed in the street by defendant, J. A. Jones Construction Company, through its duly authorized agents and employees, in the course of the construction of the Royal Orleans Hotel, and was without any lights or signals or other warning devices that could serve as a warning to unsuspecting motorists. That at the time of the accident and for some time prior a light rain had been falling and the street was wet, causing certain reflections on the street which obscured his vision.
The defendants' answer is a general denial of all of the pertinent allegations of the plaintiff's petition except that it was admitted that defendant, Aetna Casualty Company, was the insurer of the J. A. Jones Construction Company. Defendants affirmatively allege in answer that the barricade was clearly and properly marked and lighted and that the accident was caused solely and entirely by the negligence of the plaintiff in failing to keep a proper lookout; in driving his vehicle at an excessive rate of speed under the circumstances; in failing to see what he should have seen; and in failing to bring his vehicle to a stop prior to striking the barricade. Alternatively the defendants plead this conduct on behalf of the part of the plaintiff as contributory negligence.
Trial had in district court resulted in a judgment dismissing the suit of the plaintiff at his cost. From this judgment plaintiff prosecutes this appeal.
It appears from the evidence that on the evening prior to the accident the plaintiff attended a gathering at the home of some friends, where they had several drinks and then repaired to the Sirloin Room for dinner. After dinner, the plaintiff and some of his friends went to Pontchartrain and had a "nightcap" there and plaintiff carried the young lady whom he was escorting to her home. After this he was proceeding toward Canal Street on Royal Street and near the intersection of Royal and St. Louis Streets he ran into the barricade, which was a pedestrian walkway used by the public at the time of the construction of the Royal Orleans Hotel.
The uncorroborated evidence of the plaintiff is that the barricade extended out into the street approximately 7 feet and he estimated the width of the street there at approximately 20 feet. He further testified that the barricade or walkway was not lighted and he did not see it until he struck it. After the accident he saw an unlighted lantern on the ground, but saw no other evidence of any lighting or marking whatever on the barricade. After the accident he was taken to the hospital and treated. He was never hospitalized, but was allowed to go home and was treated as an outpatient for awhile thereafter. The evidence of the plaintiff herein as to how the accident happened is uncorroborated and there were no eyewitnesses to the accident.
There were three witnesses who appeared on behalf of the defendant. One of these was Mr. Robert E. Crais, City Building Inspector for the City of New Orleans, who testified that the barricade was erected in *453 compliance with Article 302 of the New Orleans Building Code and was 8 feet high and 6 feet in width; that the barricade was supposed to be lighted and was inspected for that purpose.
Defendants also introduced the evidence of Mrs. Vincinetto Imhoff, who was employed by the police department of the City of New Orleans, and her duties as such were at the corner of St. Louis and Royal Streets while the Royal Orleans Hotel was being constructed. She testified that there were reflectors on the barricade and red lights were on the outside, with one being on the inside, and that it was her duty to check and see that they were lit. She worked from Monday through Friday of each week until 6:00 P. M. However, she testified that the workers quit around 4:30 or 5:00 P.M. and that the lights were lit and put out; including also flare pots on St. Louis Street. This duty was performed regularly by an employee of the assured defendant. An examination of the photographs introduced in evidence by the plaintiff shows that there were three reflectors on the crosswalk barricade and two reflectors on the upright that extended furtherest into the street, as well as a lantern hanging between these two reflectors. This condition with reference to these reflectors and lights existed prior to the time of the accident. Further, she testified that there was room for two cars to pass on the remaining portion of the street.
Also testifying on behalf of defendants was Mr. Hal H. West, who was assistant superintendent of construction, to the effect that at all times between the time that the barricade was constructed in May of 1958 until it was taken down that it was properly lighted and marked. It appears from his evidence that the barricade was painted in aluminum paint as a marking; that it had Scotch light reflector strips on the 2 × 4's and 4 × 4 posts; that it was also equipped with the reflectors at all times, and also equipped with barricade lanterns which had a fuel capacity to burn for seventy hours on one filling, and that all of this lighting was checked each afternoon. He further testified that the barricade was 6 feet wide and that Royal Street at that point was 22 feet wide.
Counsel for plaintiff complains that two serious errors of law were committed by our learned brother of the district court in:
(1) Holding that evidence of the numerous prior accidents involving the same obstruction was inadmissible.
(2) Holding that a speed of 20 to 25 miles per hour in this case was the proximate cause of Mr. Carriere's failure to see the obscure obstruction in the street, when the speed limit was 20.
On number (1) above, plaintiff sought to introduce on cross examination of the witness evidence of statements of other witnesses. This witness was testifying for the purpose of making a return on the writ of subpoena duces tecum only. It developed that there were no such statements, and the lower court held that they would not be material; but after explanation by counsel of the reason for the evidence, the lower court advised counsel that he could produce this by testimony. Evidence of prior accidents is admissible for the purpose of proving notice of defects or physical conditions which are dangerous. Cassanova v. Paramount-Richards Theatres, Inc., 204 La. 813, 16 So.2d 444; Walsh v. Whitney Bank of New Orleans (Orl.App., 1941), 4 So.2d 553. Plaintiff has no complaint and was not prejudiced in this ruling, for the reason that the record is replete with evidence of prior accidents, which was developed from the evidence of witnesses for the defendant. Plaintiff offered no witnesses on this point. In the answers to the interrogatories, made by the defendants and filed herein, defendants admit that there were prior accidents involving this barricade, but this was the first complaint that they had. Also, two of the witnesses for the defendant, who were the policewoman and the assistant construction superintendent, testified that there were other accidents by other motorists with this barricade. All *454 of this was introduced without objection on behalf of the defendants. We therefore do not consider this objection well taken.
With reference to the objection contained in paragraph (2) above, we cannot agree with counsel for plaintiff that the judgment of the lower court held that a speed of 20 to 25 miles per hour in this case was the proximate cause of the failure to see the obscure obstruction in the street, when the speed limit was 20 miles per hour. The judge of the lower court did not render written reasons for judgment, but at the conclusion of the trial of the case, dictated a statement into the record, that the evidence did not clearly show negligence on the part of the defendants. That even though the defendants were guilty of negligence, the plaintiff must have been driving at a rapid rate of speed and therefore was contributorily negligent; stating further that he must have been going at a rather rapid rate of speed for the 2 × 4 to go through the motor, radiator and dashboard and land in the seat beside him.
The general rule with reference to negligence by a motorist, and the exceptions thereto, are very succinctly and cogently set forth in the case of Lewis v. Quebedeaux, La.App., 134 So.2d 93 (Third Circuit, certiorari denied November 6, 1961) in which we think that court has presented a correct summation of the principles of law in some of the later and more pertinent cases on that question, and from which we quote at some length here:
"The law is settled to the effect that a motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision. (Citing several cases.)
"The general rule which has been established by the jurisprudence of this State is that when visibility is materially impaired because of such things as bright lights, smoke, mist, dust, fog or rain, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. He should reduce his rate of speed to such an extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision. * * * He does not have the right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, and if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril. See cases cited in our original opinion; also, Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451; Washington Fire & Marine Ins. Co. v. Hamilton, La.App. Orl., 106 So.2d 829; Ardoin v. Southern Farm Bureau Casualty Ins. Co., La. App. 3 Cir., 133 So.2d 129, and cases cited therein.
"The general rule hereinabove stated, however, is not inflexible. Exceptions to that rule have been made in a number of cases where, because of the unusual and extraordinary circumstances which were found to exist in those particular cases, the driver of the moving vehicle was held to be free from actionable negligence in colliding with a stationary object on the road ahead of him. Some of the cases in which the general rule was not applied because of unusual circumstances are:" (Citing several cases.)
The evidence in this case convinces us that the plaintiff was operating his motor vehicle on a street in the City of New Orleans under the most hazardous driving conditions at the time of the accident. Admittedly he was driving at the maximum or in excess of the speed limit of 20 miles per hour; that it had been raining and that he had used a large towel to wipe his windshield, both inside and outside, and that *455 visibility was very poor. In his testimony, the plaintiff after describing the conditions, testified that he blamed the accident "on the black of the night, the trees, the French Quarters, the narrowness of the streets, it all just added into one and made a situation of very poor visibility" and presented to him a very overall hazy picture.
The barricade erected on the left of the one-way street by the assured defendant was one that was built in accordance with the New Orleans Building Code. This is usually done where there is a large building being erected adjacent to a city street, and is for the protection of the builder and pedestrians, as well as preventing the pedestrians from walking into the street. In our opinion the evidence shows that all precautions were taken both in the erection and in the lighting, and that in addition there was street lighting at the point of the accident.
Plaintiff's evidence seems implausible that he was not aware of this barricade or walkway, for he was engaged in the real estate business in the City of New Orleans, and it would seem rather unusual that this construction had been going on and this barricade had been erected for more than a year prior to the date of the accident and he had no knowledge of it.
We do not consider that this case comes under the exception to the general rule. Most of the cases coming under the exception are those accidents which occur on the open highways where there are unusual, unexpected or unlighted objects which may suddenly confront the motorist, and many of them are caused where the motorist is also facing lights from approaching vehicular traffic. In this case, however, there were no such conditions existing.
We, therefore, are of the opinion that the plaintiff has failed to discharge the burden of proving negligence on the part of the defendant, and that the sole and proximate cause of the accident here was the operation of his vehicle at an excessive rate of speed under adverse and hazardous conditions and the failure to exercise ordinary care and prudence to observe the lighted barricade or walkway.
Therefore, according to the facts as found in the record and the well settled principles of law governing, and for reasons herein assigned, we are of the opinion that the judgment herein appealed from should be affirmed. All costs herein are assessed against the plaintiff and appellant.
Affirmed.