REGAN, Judge.
Plaintiff,[1] Ernest Grady, instituted this suit against the defendant, Ocean Accident and Guarantee Corp., Ltd., an insurer of the New Orleans Fire Department, endeavoring to recover the sum of $3698.85, representing personal injuries and property damage incurred as the result of a collision which occurred in the intersection of Broad Street and St. Bernard Avenue between plaintiff’s vehicle and a fire department maintenance truck, operated by John W. Couch. Plaintiff asserted that the proximate cause of the accident was the negligence of Couch in traveling at an excessive rate of speed, and in entering an intersection in complete disregard of an unfavorable traffic signal light.
Grady’s collision insurer, Emmco Insurance Company, is a co-plaintiff herein seeking to recover $728.99, the amount that it was required to pay to its insured under a collision policy which contained the usual $50 deductible clause.
The defendant answered and insisted that the plaintiff’s negligence constituted the proximate cause of the accident in that he failed to yield the right of way despite the fact that the fire department vehicle was both flashing and sounding an emergency signal. In the alternative, it pleaded the contributory negligence of the plaintiff.
From a judgment in favor of Emmco Insurance Company in the amount of $728.-99, and in favor of the plaintiff in the sum of $422.58, the defendant has prosecuted this appeal.
The record reveals that the accident, from which this litigation arose, occurred *568 at 3 o’clock a. m. in the intersection of St. Bernard Avenue and Broad Street. Both thoroughfares are multi-laned boulevards divided by neutral grounds, and at the point where they intersect, traffic is regulated by a semaphore signal light.
Plaintiff testified that he was driving in St. Bernard Avenue toward the lake at a speed of approximately 25 miles an hour prior to the accident. The signal light regulating traffic in the Broad Street intersection changed from red to green when he was approximately one-half block removed therefrom, and he continued driving through the intersection since he had a green signal in his favor. He had crossed the riverside roadway of Broad and the neutral ground, and when he entered the lakeside roadway which accommodates traffic moving in an uptown direction, his car was struck on the right front fender by the fire maintenance truck. He asserted that he did not see the vehicle before the accident occurred.
The operator of the fire truck related that he was driving in an uptown direction in Broad Street, and that when he was ¿4 of a block removed from the intersection of St. Bernard Avenue he noticed an amber light in the intersection. He insisted that the light was either constantly amber or was blinking amber. In any event, as he approached the intersection with the emergency light flashing red and the siren sounding, he decelerated to within a speed of 10 miles per hour. He then explained that he did not see the plaintiff’s vehicle at this moment and, therefore, proceeded into the intersection where the collision occurred.
In a laborious effort to prove that plaintiff was negligent, the defendant requested the appearance of two police officers who, in substance, repeated identical versions of the accident. They testified that they began to follow the plaintiff’s vehicle for several blocks before he reached the situs of the accident, since he was speeding. They agreed,that the plaintiff was driving in excess of 45 miles per hour because they were traveling at the same speed and were not overtaking him. Thy said that as they neared Broad Street their attention was attracted to the fire truck because of its flashing red signal light. They did not know whether plaintiff had entered the intersection when the light was green or red, but one of them very significantly testified that the semaphore signal light was working and changing from red to amber to green immediately after the accident.
Defendant also requested the appearance of the investigating police officer and he testified that he measured, from the point of impact, 27 feet of skid marks which were impressed upon the roadway of the intersection by the tires of plaintiff’s car.
Defendant then called Theodore Cosey,. an eye-witness to the accident, who revealed an entirely different version of the accident than that related by the police officers. Prior to the accident, Cosey was driving in Broad Street moving in an uptown direction. When he reached the intersection of St. Bernard, he stopped in obedience to a red light in the right lane thereof. He then heard the fire truck’s siren, which caused him to look into his rear view mirror where he observed the vehicle approximately one-half block removed from him, approaching the intersection in the neutral ground lane. Cosey said the fire truck entered the intersection at a speed of between 40 and 45' miles per hour, barely escaped striking one vehicle traveling in the right lane of St.. Bernard Avenue, and collided with the-plaintiff’s vehicle which was slightly behind and to the left of the car which the firetruck very narrowly avoided. Cosey estimated plaintiff’s speed at less than 35 miles per hour. In addition to the foregoing revelation, this witness stated that he was the only person, other than the two drivers, who was present at the situs of the accident when it occurred. Moments thereafter he telephoned the police to report the accident, and when he returned to the point of impact the officers who testified on defendant’s behalf, to the effect that they were in pursuit of the plaintiff since he was speeding, had. just arrived.
*569 The trial judge apparently accepted the version of the accident as revealed by the plaintiff which, as paradoxical as it may seem, was corroborated by Cosey, one of the defendant’s very own witnesses, and he, therefore, completely discounted the interesting but fabulous story told by the police officers. In consequence thereof, the trial ■court very obviously found as a fact that the plaintiff was traveling at a lawful rate of speed and had entered the intersection on a green light, which had not changed to red when the accident occurred. In addition thereto, he also found as a fact that the fire truck unlawfully ran through a red light when it was moving at a speed of between 40 and 45 miles per hour, and that these negligent acts constituted the proximate cause of the collision.
Counsel for defendant argues that the trial judge erred in concluding that the plaintiff was free from negligence in that the plaintiff’s statement, to the effect that he did not observe the approach of the fire truck before the accident, proves that the plaintiff had failed to maintain a proper lookout. Counsel insists that had the plaintiff exercised the slightest degree of care he would have seen the fire truck in sufficient time to have avoided the accident.
We find no merit in this contention. Our jurisprudence is well settled to the effect that a motorist, who proceeds across an intersection on a favorable light, has the right to assume that vehicles traveling in the intersecting roadway will stop in obedience to the red light, and he is not held to the same standard or degree of care as the motorist entering an unregulated intersection.[2]
It will be recalled that the plaintiff was traveling into the intersection slightly to the rear of a vehicle moving in the right lane which the defendant, by chance, escaped striking, and even if he had looked in the direction of the fire truck, which actually displayed no flashing red light, he would not have been able to observe the approach of traffic in Broad Street because his view thereof was obstructed by the vehicle referred to above.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The use of the word “plaintiff” shall refer to Ernest Grady rather than to his insurer, the co-plaintiff herein.

. Bryant v. Ouachita Coca-Cola Bottling Co., 239 La. 83, 117 So.2d 919; Youngblood v. Robison, 239 La. 338, 118 So.2d 431.