FRUGÉ, Judge.
This is a tort suit arising out of a collision between two trucks. The suit was instituted by Martin Whatley as head of his community and on behalf of his minor child, Arline Whatley, and by his wife, Aline Whatley against Freddie Jones, Matthew Prather and Columbia Casualty Company.
The accident occurred at the intersection of U. S. Highway 165 and 7th Avenue in Oakdale, Louisiana, at approximately 3:15 P.M. on July 24, 1962. There was a traffic light located at the intersection. Plaintiff Aline Whatley was proceeding west along 7th Avenue. She arrived at the intersection and stopped for the red light. When the light turned green, she proceeded into the intersection. Defendant Freddie Jones, ■driving a truck owned by defendant Matthew Prather and insured by defendant ■Columbia Casualty Company, was proceeding south on U. S. Highway 165. As Mrs. Whatley was crossing the intersection, the right side of her truck was struck by Jones.
As a result of the accident, Mrs. What-ley, who was pregnant at that time, allegedly received certain injuries. She sued to recover damages. Pier husband sued for •damages for expenses incurred by the community and on behalf of his minor child who was born shortly after the accident. The district court rendered a judgment for •the plaintiffs. From this judgment, the defendants appeal to this court.
We have no doubt that defendant Freddie Jones was negligent. Jones testified that he was following another log •truck belonging to his employer at a distance of approximately sixty feet. He stated that he did not see the traffic light until he was about thirty feet from it. 'Under these circumstances, we feel that the ■trial judge was correct in his conclusion that Freddie Jones was negligent. He did not maintain a proper lookout nor was he driving in a manner that he should have been.
The defendant argues that plaintiff Aline Whatley was contributorily negligent because she entered the intersection after the light turned from red to green without allowing sufficient time for traffic to clear the intersection.
The general rule is that if a driver has a green light, he has a right to assume that vehicles traveling in the intersecting roadway will stop in obedience to the red light. Youngblood v. Robison, 239 La. 338, 118 So.2d 431; Emmco Insurance Co. v. Ocean Accident and Guarantee Corp., La.App., 151 So.2d 567; Schexnayder v. Martin, La.App., 150 So.2d 616. But when a motorist enters an intersection from a complete stop after waiting for a red light to turn green, the motorist must not enter the intersection until he allows sufficient time for cross traffic to clear the intersection. Martin v. Slocum, La.App., 147 So.2d 454; Potts v. United States Fidelity and Guaranty Co., La.App., 135 So.2d 77.
With these principles in mind, the trial judge concluded that there was no contributory negligence by plaintiff Aline Whatley which would bar her recovery. He found that the plaintiff was in the center of the intersection under the traffic light when she was hit. He further found that the light had changed to red in sufficient time for Jones to stop the log truck had he maintained a proper distance behind the truck in front of him, and had he maintained a proper lookout. These factors show that plaintiff Aline Whatley was reasonable in assuming that she could safely enter the intersection. We feel that the record clearly supports the conclusions of the trial judge that the plaintiff was not contributorily negligent. We find no error in his holding.
The court awarded Martin Whatley $690.02 for damages for bills incurred by the community. He sustained $150 dam *353 age to his pickup truck. His medical expenses for his wife and child totaled $740.-02. The trial judge subtracted $200 from the total amount, this being the cost of an ordinary delivery which Martin Whatley would have expended in any event. We feel that the trial judge’s award was not excessive.
The trial judge rendered a judgment for plaintiff Aline Whatley in the amount of $5,000. The record shows that she was seven months pregnant at the time and the accident caused premature labor pains. About three hours after the collision she was taken to Dr. Cloud’s clinic. The doctor was forced to induce premature delivery of her child and the life of the child was in doubt for a period of about two weeks after birth. Dr. Cloud testified that because of the accident she suffered a longer period of labor, a very difficult delivery and great fear for the life of her child. She was nervous for a few weeks after the delivery, but her condition has gradually improved. She continued to claim pains from her throat to her stomach, but the testifying doctor could find no objective symptoms of any such pain. Under these circumstances, we feel that the trial judge’s award of $5,000 was not excessive. See Davis v. New York Underwriters Insurance Co., La.App., 141 So.2d 673.
The trial court refused to award damages for future pain and suffering and future disablement and retardation of the minor Arline Whatley. The trial judge felt that there was no basis for this claim. We feel that the trial judge was correct. The doctor testifying for plaintiffs stated that the minor had experienced difficulties for several days, but that it was thereafter a normal baby, doing very well. This clearly indicates that the trial judge was correct in denying this claim.
For the foregoing reasons, the judgment appealed from is affirmed, with costs of this appeal to be paid by the defendants.
Affirmed.