McBRIDE, Judge.
In this suit five plaintiffs seek to recover damages arising out of an automobile accident. The defendant tort feasors concede liability. Three plaintiffs, Francis Serigny, Mrs. Anthony Nació and Mrs. Joseph Se-rigny, sustained personal injuries and recovered judgment in damages therefor, and the husband of Mrs. Nació recovered judgment for medical expenses, etc., incurred in connection with his wife’s injuries.
Defendants have appealed from the judgment insofar as it runs in favor of Mr. and Mrs. Nació and Mrs. Serigny, contending that the quantum allowed each by the trial judge is excessive; Francis Serigny, Mrs. Nació and Mrs. Serigny answered the appeal respectively praying for an increase in the amount of the awards made to each of them.
Francis Serigny as a result of the impact was thrown against the front seat of the vehicle in which he was a passenger. Immediately after the accident he was conveyed to a hospital where it was found that there were superficial injuries to the right side of his face, the jaw and the right elbow, with bleeding from the lips. He testified his jaw ached him about two weeks and that the pain in his arm lasted a week. He did not remain at the hospital and was treated by a physician only on the one occasion. There was no abuse of discretion on the part of the trial judge who allowed this plaintiff $250 for his injuries, pain and suffering, which amount, we think, does substantial justice.
Mrs. Anthony Nació, age 34, recovered $6500 for her injuries which according to her physician, consisted of lacerations of both arms, multiple abrasions of the face,- and right knee area. There was swelling of and some limitation of motion in the left elbow. She was conveyed to the hospital where she remained for two days. The lacerations of the arms were sutured and a cast was applied to the left arm which the patient wore for an unstated period. The first X-rays revealed a fracture in the left arm but, later, a second fracture was discovered. The fractures are termed “fracture of the. head of the radius,” and “fracture of the coronoid process of the ulna.” Dr. Fischer, Mrs. Nacio’s physician, treated her repeatedly for a period of about three months and finally, approximately eight months later at which time she had a residual stiffness about the left elbow, a black looking scar in the area and residual scars in other areas. On the basis of subsequent complaints of weakness in the area of the knee, Dr. Fischer felt that Mrs. Nació because of the complaints and also because of her obesity (she is 5'2" tall, weight 200 pounds) probably sustained a traumatic type of arthritis which would dissipate itself within two or three years. Unquestionably, Mrs. Nació suffered much pain and inconvenience. Dr. Byron Unkauf, an orthopedic specialist, examined her about a year after the accident and found a scar the size of a 25^ coin over the medial joint line of the right knee and in maneuvering her leg the doctor observed a crunching noise in the medial condylar area. Dr. Unkauf’s opinion was that Mrs. Nació sustained some damage to the cartilagenous *548 area in the knee. He suggested that an exploration of the knee may have to be carried out in order to eliminate the complaint and he believed she sustained permanent disability of about 5% to 10% of the right lower leg and that the malfunctioning in the knee could progressively become worse as time goes on. Mrs. Nació was also examined by Dr. Richard Vincent, plastic surgeon, who testified in detail of residual scars, including one above the left eyebrow, one on the nose, a group of scars on the left arm near the elbow and a scar on the right forehead and two on the right knee. These scars were seven months old when the doctor saw them. Dr. Vincent suggested excision of the scar above the left eyebrow for the purpose of improving Mrs. Nacio’s appearance, but he stated frankly that a “great deal”- could not be expected from the operation.
Considering Mrs. Nacio’s pain and suffering, her two days of hospitalization, the wearing of a cast on her arm for some time, the multiple scars on her body and the 5% to 10% disability of the right lower leg, plus the possibility that the knee injury will grow progressively worse and perhaps require a future operation, we believe that the amount of $6500 was proper and that said amount should be neither increased nor decreased. We cannot say that the trial judge abused his discretion in fixing the amount of the award.
Anthony Nació was awarded $957.-89 for medical expenses in connection with his wife’s injuries, and appellants claim that the amount is excessive to the extent of $375, which amount was included in the total and represents an estimate of future medical expenses in connection with a plastic operation on the scar on Mrs. Nacio’s forehead. As stated above, Dr. Vincent testified that while he would advise excision of the scar above Mrs. Nacio’s left eyebrow for the purpose of improving her appearance, he candidly stated that the operation might prove ineffective. Dr. Vincent did not say that plastic surgery could correct the disfigurement, and it is not shown that Mrs. Nacio intended to submit to such an operation and under the circumstances we do not feel that the award for the $375 as the estimated cost of a corrective operation should be allowed. See Steele v. State Farm Mutual Insurance Company, La.App., 107 So.2d 561. The award must be reduced accordingly.
Plaintiff, Mrs. Joseph Serigny, was awarded $2000 for injuries which consisted of a fracture of the sixth rib on the right side, a contusion and blue spot or bruise in the area of the eyes and soreness in the upper abdomen. She was conveyed to the hospital where she was examined by Dr. Fischer, given medication, and told to go home and rest. Two days later an X-ray revealed one fractured rib. Dr. Fischer prescribed a rib belt. He saw her five times, the last occasion being August 10, 1964, at which time all the contusions were healed, the doctor detecting no objective findings. The only subjective complaint was a slight soreness about the rib site. She was discharged with no residuals. We believe the award of $2000 is excessive under the circumstances, especially in view of the doctor’s conclusion there was no residual. The amount should be reduced to $1200. Lin-thicum v. Hill, La.App., 185 So.2d 866.
For the reasons assigned, that portion of the judgment appealed from which runs in favor of Anthony Nació be reduced from $957.89 to the sum of $582.89, and that portion of the judgment that runs in favor of Mrs. Joseph Serigny be reduced from the sum of $2000 to the sum of $1200, and, as thus amended and in all other respects, the judgment appealed from is affirmed; Anthony Nació and Mrs. Joseph Serigny are cast for the costs of this appeal.
Amended in part and affirmed.