206 So.2d 575 (1968)
Bobby Lee NEAMES and Jo Ann Neames
v.
FIDELITY GENERAL INSURANCE COMPANY.
No. 7233.
Court of Appeal of Louisiana, First Circuit.
January 29, 1968.
*576 Robert L. Kleinpeter, of Kleinpeter & George, Baton Rouge, for appellant.
Hamlet D. May, of White & May, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This is a guest passenger suit for personal injuries and related medical expense sustained and incurred by and on behalf of plaintiff, Jo Ann Neames, wife of petitioner Bobby Lee Neames, in an automobile accident which occurred December 16, 1962, and involved only the automobile of the host driver, Mrs. Ruth Watts, sister of Mrs. Neames. From a judgment awarding petitioners damages for personal injuries and medical costs, Fidelity General Insurance Company (Fidelity), sole defendant, has appealed.
On appeal Fidelity has assigned two errors, namely: (1) The trial court erroneously found liability on the part of defendant's assured because the record fails to reveal wherein Mrs. Watts was negligent in any respect, and (2) Damages awarded Mrs. Neames in the sum of $2,500 are excessive and should be reduced. We find the trial court correctly resolved both issues and affirm the judgment rendered below.
The facts surrounding the occurrence of the accident are simple and undisputed. The controversy herein concerns the legal inferences and presumptions to be drawn therefrom.
On the date in question Mrs. Watts, accompanied by her three year old child and her sister, Mrs. Neames, were enroute from Baton Rouge to the home of their mother who resided at Natalbany, Tangipahoa Parish. Mrs. Watts was driving her new Chevy II automobile equipped with power brakes. Mrs. Neames occupied the right front seat; Mrs. Watts' three year old daughter sat between them. The accident occurred in open country on a highway consisting of a blacktopped two lane thoroughfare, the traveled portion of which is 20 feet in width. At the time of the accident (approximately 8:30 A. M.), the roadway was wet from previous rain and fog was present in isolated patches.
Mrs. Watts, proceeding at what she estimated to be a speed between 40 and 60 miles per hour, by her own admission, was "driving along, I think, unconsciously concentrating on thoughts of my own." She encountered a patch of fog and on emerging therefrom, observed a cow near the traveled surface of the roadway in the act of crossing the highway. She jammed on her brakes because, as she put it, "they had just a big herd of cattle and I lost control of the car." The vehicle went out of control, left the highway, struck a mailbox and overturned.
In substance Mrs. Neames testified that, insofar as she was aware, her sister was proceeding at a reasonable rate of speed under the prevailing circumstances. She *577 further stated that occasional fog banks were encountered as they drove along. According to Mrs. Neames, immediately before the accident, the car drove through a patch of fog and upon clearing the mist, she noticed a cow upon the highway. Her host driver forcibly applied the brakes of the automobile which went out of control and the accident ensued.
Appellant's contention the record fails to disclose any negligence on the part of Mrs. Watts is based on that line of jurisprudence which holds that negligence is never presumed and the burden of proving actionable fault rests upon plaintiff. See Oliver v. Pitarro, La.App., 129 So.2d 39, and cases therein cited. In addition, appellant relies upon the well recognized rule that a motorist, faced with a sudden emergency not of his own making, is not to be held liable for errors of judgment when compelled to act instantly to avoid an impending accident. See Cook v. Dance, La.App., 96 So.2d 350, and authorities therein quoted.
Appellant therefore argues in effect that plaintiff's host was not required to anticipate the presence of cattle upon the highway and, since she was driving at what appeared to be a reasonable speed under the circumstances, Mrs. Watts was not at fault and the accident may consequently be termed unavoidable. In any event, it is contended on defendant's behalf that nothing in the record indicates the slightest negligence on the part of appellant's insured.
Mrs. Watts' testimony discloses she was emotionally distraught due to domestic problems, the details of which it is unnecessary to relate herein. It suffices to report she had not slept the night before (which fact was unknown to her guest passenger) and was intently concentrating on her marital difficulties. Her testimony leads to the fair inference she was preoccupied with her personal affairs to the extent she was not fully alert and neglected to maintain that character of lookout required of a reasonably prudent driver. It is uncontradicted that Mrs. Watts did not reduce her speed before entering the fog bank in question. Such action constitutes negligence considering she was proceeding at a minimum speed of 40 miles per hour.
It is settled beyond doubt that when visibility is impaired by rain, smoke, dust, bright lights, or otherwise, a motorist must proceed with an unusually high degree of care and is required to reduce his speed to such extent and keep his vehicle under such control as to reduce to a minimum the possibility of accident resulting from collision. Carriere v. Aetna Cas. Co., La.App., 146 So.2d 451.
In Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412, a case somewhat analogous to the one at bar, the Supreme Court held a bus driver negligent in proceeding at night in a rain at a speed of 45 miles per hour and running into cattle on a public highway after passing an oncoming vehicle. In effect the court there held such a speed under the circumstance of limited visibility constituted negligence inasmuch as the driver could have avoided the accident had he been traveling at a reasonable speed.
Considering the testimony of record, we find that Mrs. Watts' failure to reduce the speed of her vehicle before entering the vision impeding fog, and her admitted inattention resulting from distraction attributable to the emotional strain she was experiencing, constitute negligence proximately causing the accident. A reasonably prudent motorist concentrating on his driving rather than personal problems would and should have realized the danger inherent in driving into a fog bank, of such a density as to limit visibility, at a speed of 40 miles per hour or more. Mrs. Watts' failure to comprehend the peril attending such action amounts to actionable negligence. Had she reduced her speed to a pace commensurate with the existing atmospheric conditions, she would have *578 emerged from the fog under circumstances which would have permitted an orderly uneventful stop in time to avoid colliding with the cattle on the highway. Granted, she was confronted with an emergency, but under the circumstances noted, she was not without fault in creating the exigency encountered. The sudden emergency rule is therefore inapplicable to the case at bar as one whose negligence contributes to the emergency may not claim the benefit of the emergency rule. Fontana v. State Farm Mutual Automobile Ins. Co., La.App., 173 So.2d 284; Chouest v. Remont, La.App., 81 So.2d 568.
At the time of the accident Mrs. Neames was approximately three and one-half months pregnant; two and one-half months subsequently the child was stillborn, having died an estimated two days prior to delivery.
As a result of the mishap Mrs. Neames sustained injuries diagnosed as mild cervical spine strain, lower spine strain in the vicinity of the coccyx (tail bone) and contusion of the right leg accompanied by hematoma. She first consulted medical advice two days following the accident on which occasion she was seen by Dr. Edgar W. Walker, Jr., General Practitioner. On first examination December 18, 1962, Dr. Walker noted Mrs. Neames suffered from pain in the neck region, right shoulder, right arm and right leg. On December 19, 1962, Mrs. Neames again consulted Dr. Walker who on this visit found her complaining of pain in the vicinity of the coccyx. The following day Mrs. Neames consulted Dr. Walker for the last time. On this occasion Dr. Walker found plaintiff much improved. Treatment consisted solely of aspirin prescribed for pain and ultra sound wave therapy, the latter administered December 18, 19 and 20, 1962. Mrs. Neames was neither hospitalized nor placed in traction. She testified, however, her neck, arm and shoulder were the source of considerable discomfort for an extended period following the accident. Mrs. Neames also stated she is employed as a secretary which involves working in a seated position for prolonged intervals. At the time of trial, almost two years after the accident, she still complained of pain in the coccyx area.
In urging reduction of the award for personal injuries meted Mrs. Neames, appellant points up that said petitioner was neither hospitalized nor placed in traction consequently her hurts must be deemed minor. While this contention has some merit, was nevertheless conclude the award is not excessive inasmuch as said plaintiff, in addition to the foregoing injuries, established considerable mental anguish from concern over the welfare of her unborn child from the date of the mishap until the date of the stillborn delivery. In addition, the injury to her coccyx was a source of continuous discomfort for a protracted period as shown.
In their brief appellees seek an increase in the awards made below. Plaintiff husband seeks recovery for mental anguish over the condition of his wife; Mrs. Neames asks for a greater allotment for her personal injuries and mental anguish. Appellees, however, neither appealed nor answered defendant's appeal. Under such circumstances no increase in the awards made by the trial court may be made on appellee's behalf. LSA-C.C.P. Article 2133; Rader v. Rader, La.App., 126 So.2d 189.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.