BARON B. BOURG, Judge Pro Tem.
This case arises out of an intersectional collision between the plaintiffs’ automobile, driven by Mrs. Eymard, and the defendant Nursery Avenue Lumber Company’s automobile, driven by their employee, Danny M. McKinnon. Plaintiffs instituted the present suit naming the above as defendants and The Travelers Insurance Company, Nursery Avenue Lumber Company’s liability insurer'. After a trial on the merits, the jury returned an award of damages to Mrs. Eymard in the amount of $26,500 for pain, suffering, and mental anguish and to her husband $750 for medical expenses. The defendants applied for a new trial which was denied. They subsequently perfected a suspensive appeal to this court.
The sole question on appeal is one of quantum.
On a finding that the jury award to Mrs. Eymard of $26,500 for pain, suffer *57 ing, and mental anguish is excessive, we reduce that award to $7,500.
The pertinent facts of this case are as follows:
Plaintiff was travelling in a southerly direction on MacArthur Avenue in Gretna, Louisiana and defendant was travelling north on the same street. The vehicles collided when the defendant suddenly made a left turn and came into plaintiff’s path of travel.
The plaintiff was injured in the accident, sustaining a minor contusion of the bridge of the nose which required no treatment, and an incomplete hairline fracture of the seventh rib for which she was treated. The day following the accident the plaintiff was advised that she was pregnant. Approximately 20 days after the accident, the plaintiff was admitted to the hospital to have a D & C procedure performed. At that time, it was determined that she had had an incomplete abortion or miscarriage at some undetermined previous date. Plaintiff was discharged three days later with no further problems concerning the miscarriage.
There is no jurisprudence in this state to support such a large award to compensate for the damages proven in the trial. Counsel for the defendants call our attention to the case of Serigny v. Thibodaux, 199 So.2d 546 (La.App.1967) in which the plaintiff’s damages to the rib cage and face are surprisingly similar. In that case the plaintiff sustained a fracture of the sixth rib on the right side, a contusion and blue spot or bruise in the area of the eyes and soreness in the upper abdomen. This court reduced the award of damages from $2,000 to $1,200. As in the cited case Mrs. Eymard was examined by her physician a total of five times. The contusion in the area of her upper nose was minor and healed uneventfully. The rib fracture healed without any residuals after treatment with subjective complaints of slight soreness about the area.
The defendants rely on the above cited case for the proposition that, even allowing for decrease in the value of the dollar since the date of the above cited cases, an award for Mrs. Eymard’s injuries to her rib and nose should not reasonably exceed $2,500. We find their figure well within reason.
Turning now to the question of the amount of damages awarded the plaintiff in connection with her miscarriage, we find it excessive. The highest award reported in this state for pain and suffering associated with a miscarriage was in the case of Neames v. Fidelity Gen. Ins. Co., 206 So.2d 575 (La.App.1968). In that case the woman was three and one-half months pregnant at the time of the accident. The child was subsequently stillborn two and one-half months later. The mother suffered anguish for two and one-half months over the welfare of her unborn child. Other injuries were involved beside the stillbirth and the plaintiff was awarded $2,500 in damages.
In Whatley v. Jones, 157 So.2d 351 (La.App.1963) the court awarded $5,000 for pain and suffering where the woman was seven months pregnant at the time of the accident. She suffered a long period of labor and experenced a difficult delivery. She suffered considerable mental anxiety over the welfare of her unborn child and suffered pains in her throat and stomach for several weeks after the delivery.
In the instant case, the plaintiff did not even know she was pregnant until the day following the accident. There was no testimony that the plaintiff suffered any pain in connection with the miscarriage. There is similarly no testimony with respect to the plaintiff suffering any mental anguish over the welfare of her unborn child nor any after she was informed that she had had a miscarriage. We find that the award is so excessive that it constitutes an abuse of discretion by the jury and accordingly reduce the award to $5,000.
*58 While this court is not bound on the issue of quantum by prior awards in similar cases, such cases may be used as a general guideline in determining whether the award in the present case is so excessive or inadequate as to constitute an abuse of discretion.
For the foregoing reasons the judgment of the trial court is amended to reduce the award of general damages to $7,500. As amended, the judgment is affirmed.
Amended and affirmed.