BYRNES, Judge.
Jeffrey Ferrara appeals the dismissal of his suit for personal injuries incurred in a multi-vehicle accident. We affirm.
The incident occurred at approximately 3:00 p.m. on May 1, 1981 on U.S. Highway 11 which is composed of two single lanes. A marsh fire had been burning for at least two days and was still burning on the left side of the highway. Smoke from the fire was blowing across the roadway which was bordered by a bayou on the right. Five cars heading in a northemly direction toward Irish Bayou were involved in the accident. Additionally, a car heading south was involved but that vehicle was never identified.
The record indicates that initially James McCarter, driver of the first vehicle, approached the smoke on the highway and stopped. He then proceeded slowly into the smoke with his head lights on. In his deposition McCarter testified that he stopped to prevent a head-on collision with a car coming toward him in his own lane of travel. The driver of the other car made a U-tum and stopped with part of her vehicle askew between the two lanes. She and McCarter conversed about the circumstances and she drove off. Meanwhile, the second vehicle driven by Maurice Holmes had approached the smoke, stopped, and then slowly proceeded ahead. On perceiving McCarter’s vehicle in the smoke, Holmes was able to stop about a car length and a half from the rear of the McCarter vehicle. Holmes testified that a few seconds later, his car was struck from the rear by a small pickup truck driven by plaintiff, Jeffrey Ferrara. This caused Holmes’ car to rear-end the McCarter vehicle. Ferrara did not stop, shift, or apply his brake but coasted into the smoke at about 20 miles per hour with his lights and emergency flashers on. He applied his brakes when he saw a reflection but could not avoid striking the Holmes vehicle. Ferrara quickly exited his truck to survey the damages caused by the collision. He was standing near or between the two vehicles, which were about nine inches apart when a fourth vehicle, a Volkswagen bug, approached. The driver, Peter Peterson, slowed down to about 20 miles per hour but did not stop before he entered the smoke. Peterson applied his brakes upon seeing Ferrara’s truck but could not avoid striking it from the rear and hitting Ferrara between the vehicles. This caused Ferrara’s truck to again rear-end the Holmes vehicle which in turn hit the McCarter automobile. Ferrara’s right leg was crushed between his truck and Holmes’ car, and later his leg was amputated.
There was conflicting testimony as to whether there were three or four impacts. In any case the final impact occurred when a truck driven by Robert Tackett struck the Peterson Volkswagen from behind. By that time, McCarter and Holmes had removed their cars onto the shoulder, and *1249 they were standing and Ferrara was lying on the right shoulder.
Ferrara and Holmes filed lawsuits for personal injury, naming as defendants each of the other drivers, their respective insurers and the City of New Orleans (“City”) for its fault in failing to warn or take safety precautions regarding smoke from the burning marshes. The suits were consolidated and prior to trial Ferrara settled his claims against Tackett, Tackett’s employer, and his insurer. Ferrara also settled his claims against Peter Peterson and his insurer.
On October 19, 1987, a bench trial was held before Commissioner Charles Rivet, whose report was adopted by Judge Thomas A. Early in his judgment of April 7, 1988, in which he awarded damages in the amount of $15,617.00 to Holmes upon finding Ferrara, Peterson and the City negligent. All other claims were dismissed. Thereafter, the trial court ordered the judgment rescinded in the Holmes case, No. 82-5058, because an exception had previously been filed by the City in that matter. The Court rendered another judgment on April 28, 1988, dismissing all claims in Jeffrey Ferrara’s case No. 82-5058 with prejudice.
On appeal, Ferrara claims that the trial court erred in:
(1) failing to allocate liability among the parties;
(2) finding Ferrara grossly negligent; and
(3) failing to award damages to Ferrara.
The basic issue for review is whether Fer-rara’s negligence precludes his recovery.
The trial court adopted the commissioner’s report which concluded that Ferrara was grossly negligent in only reducing his speed to 20 miles per hour and coasting into heavy smoke which prevented him from seeing to the front of his hood. Fer-rara failed to stop or apply his brakes when he drove into the smoke. The Commissioner also found Ferrara grossly negligent for putting himself between two vehicles in a position of peril where another impact resulted in his leg being crushed.
When a prudent motorist is faced with a sudden emergency not of his own making and to which he did not contribute, that motorist is not held liable for errors in judgment when compelled to act instantly to avoid an impending accident. Neames v. Fidelity General Insurance Co., 206 So.2d 575, 577 (La.App. 4th Cir.1968). However, the sudden emergency rule does not apply to one whose negligence contributes to the emergency. Id. at 578. The fact that the second driver was able to see and avoid an emergency situation ahead sets the standard of care applicable to the other following drivers. Potts, v. Hollier, 344 So.2d 70 (La.App. 4th Cir.1977). Ferrara was the first driver who violated this standard of care. McCarter and Holmes both had encountered emergency situations and were able to stop without causing collisions. We find that the trial court correctly concluded that Ferrara was grossly negligent for causing the initial impact.
A party who causes a collision may be responsible for the subsequent injuries incurred by parties while inspecting damages to vehicles. Curry v. Iberville Parish Sheriff's Office, 405 So.2d 1387 (La.App. 1st Cir.1981), writ denied, 410 So.2d 1130 (La.1982), and writ denied, 410 So.2d 1135 (La.1982). When Ferrara got out of his truck to inspect damages to his vehicle, he was aware that he could not avoid striking a car when driving through the smoke. Despite this knowledge, he placed himself in an extremely dangerous position.
In apportioning fault, the appellate court must consider both the nature of conduct of each party at fault and the extent of causal relationship between the conduct and damages. Garrett v. Celino, 489 So.2d 335 (La.App. 4th Cir.1986). When the harm was caused by the fault of the victim or a third party, a municipality was not liable for a malfunctioning traffic signal. Davis v. Eckert, 454 So.2d 275 (La.App. 4th Cir.1984); Watson v. Dept. of Transportation & Development, 529 So.2d 427 (La.App. 1st Cir.1988), writ denied, 533 So.2d 361 (La.1988). Similarly, failure of the City to warn or take safety precautions and failure of Peterson to avoid striking *1250 Ferrara were not the cause-in-fact of plaintiff’s injuries and Ferrara is not entitled to recover. In finding that Ferrara’s conduct was well below that of a reasonable man under the circumstances, we agree that Ferrara was grossly negligent and was 100% liable for proximately causing his own injuries.
For the foregoing reasons, we affirm the district court’s judgment dismissing Fer-rara’s claims in Case No. 82-5058, Division “A”.
AFFIRMED.