MORIAL, Judge.
Plaintiffs’ appeal from a judgment of the Civil District Court for the Parish of Orleans dismissing their claims for' damages resulting from an intersectional collision on June 24, 1971.
Plaintiff Simon Guidry, Jr., had left the Veterans Administration Hospital in New Orleans where he had gone for a physical checkup. He was driving a 1971 Ford To-rino owned by Simon Guidry, Sr., and had made a right turn off Tulane Avenue onto South Carrollton Avenue and was traveling downtown in an easterly direction when his car collided at the intersection of South Carrollton Avenue and Ulloa Street, with a 1971 Ford Galaxie, owned by Syn-tex Laboratories, Inc., and operated by its employee, Ronald Messina.
Plaintiff Guidry, Jr., sustained a mild cervical sprain to his neck as a result of the accident. Ray LeDoux, who was a passenger in the front seat of the Guidry car, suffered scrapes on both knees and bruises (described as soreness) to his arms and elbows as a result of the impact.
The district judge dismissed the action against defendants Messina, Syntex Laboratories and Hartford Fire Insurance Company, as well as a third party demand against plaintiffs. We agree.
Plaintiffs contend the district judge failed to apply the law applicable to the facts and evidence. In support of this contention plaintiffs cite Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (La.1960), Emmco Insurance Company v. Ocean Accident and Guarantee Corporation, 151 So.2d 567 (La.App. 4th Cir. 1963); Denton v. Fontenot, 216 So.2d 310 (La.App. 3rd Cir. 1968); Moore v. Traders & General Insurance Company, 227 So.2d 174 (La.App. 2nd Cir. 1969), writ refused, 229 So.2d 114 (1969); Hartford Accident and Indemnity Company v. Finley, 282 So.2d 830 (La.App. 1st Cir. 1973), all of which stand for the proposition that a motorist with a favored light has a right to assume that other motorists will stop in obedience to the red light facing them.
The learned trial judge properly applied the law enunciated in the cited cases to his sound appreciation of the facts.
Guidry argues that traffic on South Car-rollton had a green light at the time the vehicle driven by Messina entered South Carrollton from Ulloa. Conversely, defendants contend Messina had the green light on Ulloa.
There were two disinterested witnesses to the accident, one a housewife, Mrs. Novella Fontana; the other, Mr. Ernest Toussel, the owner of a service station located on the downtown lake corner of Ul-loa and South Carrollton (westbound side of South Carrollton Avenue).
Mrs. Fontana, a witness for plaintiffs, testified that she was waiting to cross the eastbound side of South Carrollton at the time of the accident. She testified that she was standing on the neutral ground island which' separates Ulloa traffic from eastbound South Carrollton left turning or U-turning traffic. She had crossed from the shopping center located on the westbound side of South Carrollton and was waiting for the traffic light controlling eastbound traffic on South Carrollton to turn red for her to cross safely to her doctor’s office on the east side of South Car-rollton. As she waited for the traffic signals to change, the accident occurred. Mrs. Fontana testified that Mr. Guidry had the green light, while defendant Messina had a red light.
We note the trial judge found that after the traffic light controlling northbound Ul-loa traffic as well as Mrs. Fontana’s move *561 ment across the eastbound lanes of South Carrollton became green, Mrs. Fontana was still standing on the island waiting to cross when the accident occurred.
Mr. Toussel testified for the defendants. At the time of the accident he had operated the service station at the corner of South Carrollton and Ulloa Streets for twenty (20) years. He testified that over the years he had witnessed many accidents* at the intersection of Ulloa and South Car-rollton and whenever there was an accident at that corner he would immediately look toward the traffic signal light to determine who had the right of way.
He testified that there are four traffic light standards on the corner of Ulloa and South Carrollton; two on each side of the neutral ground. This is confirmed by plaintiffs’ exhibits 4 and 5. Mr. Toussel stated that a red or green light are both readily visible from his vantage point at the service station. Mr. Toussel further testified that when he heard the crash he looked up immediately at the light and it was green for Ulloa Street traffic and stayed green only a few seconds. He restated this on cross-examination.
The trial judge had an opportunity to observe the witnesses and did ask certain questions of the witnesses. He expressed his opinion that both Mrs. Fontana and Mr. Toussel were truthful in their testimony. That each had recited the facts to the best of his/her knowledge and memory, but that Mrs. Fontana was simply confused.
The trial judge concluded that Mr. Tous-sel was calm, cool and collected and that the traffic signal was exactly as described by Mr. Toussel — green for Ulloa Street traffic at the time of the accident. He commented that he was impressed with the testimony of the defendant driver, while not so with the plaintiffs’ testimony.
In this case the court was confronted with two conflicting descriptions of an accident. It had an opportunity during the trial to observe the witnesses and to determine their credibility, demeanor, and appreciation of the situation. A trial court’s findings on questions of fact, when such rely on the credibility of witnesses must be given great weight. Murphy v. Piro, 240 So.2d 111 (La.App. 4th Cir. 1970).
We can only reverse a decision of a lower court or a jury verdict upon a finding of a manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). The judgment of the trial court is not so clearly erroneous as to warrant a reversal. The district court weighed the testimony and found the defendants’ witness more credible.
For the reasons herein assigned the judgment of the district court is affirmed. Costs to be paid by appellants.
Affirmed.