LEMMON, Judge.
Plaintiff’s appeal from a judgment following a jury verdict questions the adequacy of a $6,000.00 award for injuries received in an automobile accident for which liability was admitted.
After the March 28, 1977 rear end collision plaintiff consulted an orthopedic surgeon, who treated her conservatively for complaints of neck and low back pain. Plaintiff, a registered nurse, continued to work full time as an instructor in a training program for practical nurses, although she underwent regular treatment for her persistent complaints. When she developed weakness of the great toe and irritation along the right leg in October, the doctor prescribed an orthopedic corset and referred her for consultation to a neurosurgeon, who performed electromyographic tests and reported radiculopathy in the low back at the L5-S1 zone.
The orthopedist diagnosed a ruptured disc and recommended a myelogram, stating his belief that she would not improve without surgery. Plaintiff declined to undergo the test or to consider surgery as long as she could function within her limitations.
At the time of the September, 1978 trial plaintiff was wearing an orthopedic corset during all of her waking hours and had curtailed her recreational and housekeeping activities, but was working regularly, having missed only two days of work. ■
Two other doctors, a neurosurgeon and an orthopedic surgeon, examined plaintiff the week before trial and testified on behalf of defendants. The neurosurgeon opined that his examination findings would not support a diagnosis of a ruptured disc. He particularly noted the absence of (1) atrophy, (2) weakness in a specified muscle group, (3) loss of reflexes, and (4) numbness *198 in a specific skin area supplied by a single nerve root. As to the latter, he pointed out that general numbness is not consistent with nerve root irritation caused by trauma, in which the sensory loss follows the pattern of the nerves involved. When informed about the electromyographic studies one year earlier, the doctor stated that he would recommend further testing because many specialists consider abnormalities on minimal contractions as not greatly significant.
The orthopedic surgeon found no spasm or tenderness of the lumbar muscles and no significant limitation of range of motion. Attributing the leg and buttocks pain to a fatty lipoma that he discovered at the point of tenderness on the buttocks, he explained that the lipoma was a herniation of fat which was probably unrelated to the automobile accident.
Defendants also elicited an admission by plaintiff that her leg and buttocks pain did not appear until an October, 1977 incident, in which her leg gave way as she was rising from her desk chair.
Thus, the jury was presented with conflicting versions of plaintiff’s medical condition caused by the accident and apparently accepted the version presented by defendants’ witnesses. The considerations argued by plaintiff to this court, such as the treating physician’s better position for accurate diagnosis, the October, 1977 incident as an exacerbation rather than a new injury, and plaintiff’s outstanding work record, were presumably argued to and considered by the jury. This court should not substitute its evaluation of the medical evidence for a reasonable evaluation by the jury, and we cannot say on this record that the jury’s evaluation was so unreasonable or its award for causally related damages so inadequate as to constitute an abuse of discretion.
The only different wrinkle in this case, as compared to other cases in which vastly different awards could result from conflicting medical evidence, is that the trial judge, in ruling on plaintiff’s motion for additur or a new trial, stated:
“Petitioner argues that the award is inadequate, and the Court agrees with this contention.
“It is probable that the 12-person jury was impressed by the testimony of the defense medical expert witnesses, and that the testimony of the treating physicians was overshadowed.
“Nonetheless, a full record has been made, and the Court is of the opinion that an adjustment in the award, if any, should now be properly made by the Fourth Circuit Court of Appeal. “Therefore,
“IT IS ORDERED that the motion for new trial be and it is hereby denied, with this Court’s suggestion that the matter be referred to the Fourth Circuit Court of Appeal for review.”
C.C.P. art. 1813 provides:
“If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the amount of the excess or inadequacy of the verdict or judgment can be separately and fairly ascertained. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.”
Thus, while a trial judge has wide discretion in granting or denying a new trial, additur is only available as an alternative to a new trial when the judge presiding over the jury trial is of the opinion the verdict was so excessive that a new trial should be granted for that reason only. Miller v. Chicago Ins. Co., 320 So.2d 134 (La.1975). When such circumstances exist, however, it is the judge’s duty to grant a new trial or to request consent to an addi-tur as an alternative to a new trial. Burt v. Shreveport Ry. Co., 142 La. 308, 76 So. 723 (1917); Riddle v. Menard, 355 So.2d 1350 (La.App. 3rd Cir. 1978). And if the trial *199 judge fails to perform this duty, the reviewing court should disregard the jury verdict and either decide the case on the complete record, if possible, or remand the case for a new trial.
In the present case, however, the trial judge’s remarks did not amount to a refusal to perform a statutory duty. The judge’s remarks might perhaps be construed to indicate he would have granted a higher award,- but cannot reasonably be construed to indicate that a new trial should be granted for that reason only.
We accordingly reject plaintiff’s argument that the jury verdict should be accorded little or no weight in view of the trial judge’s statement in denying a new trial.

AFFIRMED.