418 So.2d 730 (1982)
CUMIS INSURANCE SOCIETY, INC., and Clement J. Hoerner, and Theresa B. Hoerner
v.
Chrissanthi CHRISTIDIS.
Violette Christidis IKONOMIDIS
v.
CUMIS INSURANCE SOCIETY, INC., and Clement J. Hoerner.
Nos. 12913, 12914.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1982.
*731 George J. Kambur, New Orleans, for Chrissanthi Christidis, defendant-appellant, and for Violette Christidis Ikonomidis, plaintiff-appellee.
Dan Dorsey, River Ridge, for Cumis Ins. Soc., Inc., plaintiff-appellant/defendant-appellant and for Clement J. Hoerner, and Theresa B. Hoerner, plaintiffs-appellees/defendant-appellee.
Before KLEES, BYRNES and CIACCIO, JJ.
BYRNES, Judge.
These consolidated cases are actions for recovery of personal injury and property damages arising out of an automobile collision which occurred on January 26, 1978, at the intersection of Canal Street and South Jefferson Davis Pkwy. in New Orleans, La. The intersection was controlled by semaphore signals. At this location Canal Street is a six lane throughfare and South Jefferson Davis Pkwy. has four lanes. Both streets have wide neutral grounds in the middle. The driver of one vehicle, Chrissanthi Christidis, was headed uptown on South Jefferson Davis Pkwy. and approached the intersection on a green light which changed to yellow before she entered the intersection. The driver of the other vehicle, Clement Horner, was stopped in the left hand lake bound lane on Canal St. He stated that he had the green light in his favor when he proceeded across the intersection.
The first suit was brought by Hoerner, his insurer, Cumis Insurance Society, and his wife Theresa Hoerner, a guest passenger in his automobile, against Christidis. The second suit was instituted by Violette Ikonomidis, the guest passenger in the Christidis automobile against Hoerner and his insurer. Hoerner's insurer, Cumis, then filed a third party demand against Christidis. The trial judge found that Hoerner had the green light in his favor, but made a "jack-rabbit" start and struck Christidis. The Christidis vehicle had crossed two lanes of traffic before her vehicle was hit in the side by Hoerner. There was judgment entered in favor of Violette Ikonomidis and against Cumis and Hoerner, in solido, for $4,000.00 in general damages, lost wages in the amount of $1,250.00 plus medical specials in the amount of $218.00. The trial court further ordered judgment in favor of Cumis against the third party defendant Christidis for contribution in the amount of one-half the amount due. In the other suit, judgment was entered in favor of the plaintiff Cumis and against Christidis in the sum of $1,000.00 to reimburse Cumis for the amount paid to Theresa Hoerner under the coverage of her husband's policy.
There were two independent witnesses to the accident, both whom stated that the *732 Hoerner vehicle had the green light. The first witness stated that Hoerner made a fast start and the second witness, who was stopped for the signal in the middle lane next to Hoerner, stated that she could clearly observe the Christidis vehicle approaching the intersection.
A review of the record satisfies this court that the trial judge make a credibility decision as to all witnesses. Upon a complete reading of the record, we find no manifest error in the trial judge's decision and therefore we accept his findings of fact and the resultant judgment. Arceneaux v. Dominque, 365 So.2d 1330, (La.1979).
Addressing ourselves first to the question of negligence on the part of Christidis on entering the intersection we look to the law enunciated in Hartford Accident and Indemnity Co. v. Finley, 282 So.2d 830 (La.App. 1st Cir. 1973) and followed by this court in Guidry v. Messina, 294 So.2d 559 (La.App. 4th. Cir. 1974), that a motorist with a favored light has the right to assume that other motorists will stop in obedience to the red light facing them. One who enters an intersection on a green or the beginning of a yellow light does so legally and thus is legally in the intersection. [Emphasis added]. Hartford Accident and Indemnity Co. v. Finley, supra. Thus the factual determination by the trial judge that Christidis had not entered the intersection at the beginning of a yellow light is borne out by the fact that the vehicle had only cleared two of the three lake bound lanes of traffic before the light turned green in favor of Hoerner. Accepting testimony of the witness at the trial court that the car was going approximately 25-30 miles an hour, we must agree with the trial judge's conclusion, as stated in his reasons for judgment, that the Christidis vehicle did indeed enter the intersection after the light had been yellow for a period of time and that this was a cause in fact of the accident.
The second circuit in Earles v. Volentine, 191 So.2d 740 (La.App. 2nd. Cir. 1966), writ refused, 250 La. 21, 193 So.2d 529, held that a motorist is guilty of negligence if he proceeds into an intersection after a red light turns green without allowing sufficient time for those in the intersection to clear it. This case, coupled with the Fourth Circuit holding in Carter v. NOPSI, 293 So.2d 527 (La.App. 4th. Cir. 1974) affirmed, La., 305 So.2d 481 where the court stated that a motorist with a green light owes a duty to maintain a slight observation of a controlled intersection leads this court to conclude that Hoerner was indeed negligent in not making sure the intersection was clear at the time he proceeded. The Supreme Court in affirming Carter, supra page 484 quoted the language of Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964) that: "[I]t is only in exceptional circumstances where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation in care that he will be found derelict." We concur with the determination of the Trial Judge that Hoerner was negligent and could have avoided the accident by the exercise of the slightest degree of observation and care.
Semaphore controlled intersections are installed so as to insure the orderly flow of traffic. When drivers attempt to subvert the purpose of these signals by trying to "beat the light" or be "first off the line", although they may be legally where they are entitled to be, they have violated the standards of duty imposed on them as prudent operators of motor vehicles. In this case a duty was owed by both drivers to their passengers and this duty was breached by both of them. The trial judge correctly found that both drivers were negligent and ruled accordingly. We find no error in his conclusions and hereby affirm his ruling.
All cost of this appeal are to be borne by the respective parties.
AFFIRMED.