CURRAULT, Judge.
This is an appeal from a jury verdict against defendant-appellant, Insurance Company of Florida, and in favor of plaintiff-appellee, Eileen Rooney Ritter, for injuries sustained as a result of an automobile collision.
On May 30, 1978, at approximately 4:15 p.m., plaintiff, Mrs. Ritter, and defendant, Mrs. Willis, were involved in a two-car collision at a traffic signal intersection on Airline Highway in Metairie, Louisiana. The accident occurred when Ritter, exiting Airline Shopping Village at the signal, was struck on the left side by Willis, driver of a Service Cab Company taxicab. Willis was traveling west with a passenger on the way to Moisant Airport, the weather at the time was rainy and there had been a recent heavy downpour. The impact of the collision propelled Ritter’s car into a third vehicle parked in a parking area west of the collision scene. The car sustained total damages and Ritter suffered injuries to her neck, wrist and ankle.
As a consequence of the collision, Mrs. Ritter filed suit and in a jury trial heard on December 7 and 8,1981, the jury rendered a verdict solely against the Insurance Company of Florida in the amount of $20,000, together with legal interest and costs. The other defendants were dismissed by joint stipulation of the parties.
Following a denial of motions for a new trial and remittitur, the Insurance Company of Florida perfected this appeal.
Appellant asserts the following issues for our consideration:
(1) That the trial judge erred in failing to give defendant’s requested jury charge concerning the possible contributory negligence of the plaintiff;
(2) That the jury exceeded its discretion in the amount of recovery awarded plaintiff; and
(3) That the trial judge erred in denying the motion for new trial or the alternative request for remittitur.
Appellant first argues that the failure of the trial court to charge the jury as follows was error:
“If a plaintiff who proceeded into an intersection either against a red light or as it turned green without allowing the vehicle driven by one of the defendants, who entered the intersection while signal light was yellow, sufficient time to clear the crossing, the plaintiff is guilty of negligence which is a proximate cause of the accident. Martin v. Slocom, [La.]App. 1962, 147 So.2d 454 (Emphasis added)”
The trial judge refused the charge on the basis that it is an insufficient statement of the law. After a review of the case law, we agree.
In Correge v. Webb, 284 So.2d 355 (La.App. 4th Cir.1973) writ refused 1973, the court stated:
“The purpose of the yellow warning signal is not only to provide a warning that *1003 the light is about to change to red, but also to provide a period of time for traffic entering the intersection just as or just after the light turns yellow to clear the intersection before the green light flashes for opposing traffic. If the burden is placed on the motorist in whose favor the light turns green to keep a lookout for traffic which blatantly disregarded the yellow warning signal, then the function of the yellow caution light will be frustrated. Traffic lights, instead of serving to facilitate the movement of traffic, would then serve to deter its movement.” Correge, supra at page 361.
Furthermore, where the evidence indicates that drivers at intersections controlled by a traffic signal attempt to “ ‘... beat the light’ or be ‘first off the line’, although they may be legally where they are entitled to be, they have violated standards of duty imposed on them as prudent operators of motor vehicles.” Cumis Insurance Society v. Christidis, 418 So.2d 730 (La.App. 4th Cir.1982) at page 732.
Thus, it is evident that while the statement purported by defendant may be partially correct, other cases have expanded and delineated the responsibilities beyond what is stated in the requested jury charge. In addition, the charges submitted to the jury adequately informed the jury as to contributory negligence operating as a bar to recovery, as well as defining proximate cause. Regardless of this particular charge, the jury was informed sufficiently to make the factual determination that the sole negligence of defendant was the proximate cause of the collision. That finding is amply supported by the record. Accordingly, we find no merit in this allegation.
Appellant’s last two arguments assert error as to the amount of recovery awarded, and error in the trial court’s denial of his motion for a new trial and in this alternative motion for remittitur.
While appellant cites several cases to support its request for reduction in quantum, it is established law in Louisiana that the standard of review is whether the trial court abused its discretion. Coco v. Winston, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979); Perniciaro v. Brinch, 384 So.2d 392 (La.1980). In determining the appropriateness of a trial court’s award for general damages, the appellate review is limited. Before an appellate court can disturb a damage award, it must be clearly demonstrated in the record that the jury or trier of fact abused the broad, much discretion rule.
Appellant has cited cases from the various circuits of our State relating to what a particular injury is worth based on length of treatment, amount of disability, etc. However, in Coco v. Winston Industries, Inc., supra, the court stated:
“Further we believe that, heretofore, courts of appeal have placed too much emphasis on their review of other reported decisions. Certainly no two cases are ever fully alike. And whether two cases are so similar as to produce like quantum judgments is hardly discernible by gleaning the facts of the comparable decision from simply a written opinion of an appellate tribunal. Of course, another factor bearing on this matter is that significant change has been made, and is taking place in our society not the least of which are changes in economic conditions (particularly rampant inflation), fluctuating job categories, employment opportunities and even lifestyles. Furthermore, it is impossible for an appellate court to judge what evidence in a particular case was given special weight by the finder of fact.” At pages 335, 336.
The facts herein reveal that plaintiff, a special education teacher, was on a leave of absence due to an arthritic condition at the time of the accident. As an immediate consequence of the collision she was taken to the emergency room of Hotel Dieu Hospital for treatment. She also saw a rheu-matologist, Dr. Hall, two or three days after the accident; however, it wasn’t clear if this visit was related to the accident. Regardless, her testimony revealed that the impact was severe — -an assertion supported by the testimony of the investigating police officer.
*1004 At the time of the accident, Mrs. Ritter had been planning her wedding for several months. The wedding, a large affair, was set for June 3, 1978, five days after the accident. Mrs. Ritter, understandably, felt compelled to continue with her plans, since this event was to be a major emotional and financial one in her life. Further, the evidence disclosed that her wedding day and subsequent honeymoon, as well as the days following, were marred by the pain and inconvenience she suffered as a direct result of the collision.
Notwithstanding the above facts and circumstances which are peculiar to this case, Mrs. Ritter also suffered significant bodily injuries in the accident. Upon her return to New Orleans from her honeymoon, she again contacted Dr. Hall only to learn he was moving his practice to Monroe, Louisiana. Dr. Hall recommended a Dr. Derbes to Mrs. Ritter and she attempted to make an appointment with him but was unable to do so. Meanwhile, Mrs. Ritter continued to suffer so she consulted Dr. David Aiken for treatment on July 6, 1978.
Dr. Aiken examined and evaluated Mrs. Ritter and treated her actively for a cervical sprain, contusion and sprain of the head of the radius, sprain of the left foot, tenderness of the right breast and aggravation of the arthritic condition in the joints of her wrist and ankles. Dr. Aiken treated Mrs. Ritter from July, 1978 to January, 1979. Although Mrs. Ritter was still having problems and suffering pain as a result of the accident which had occurred eight months previously, she and Dr. Aiken agreed by mutual consent that no further appointments would be made after January 8,1979. Dr. Aiken indicated it was his opinion that Mrs. Ritter was still having physical problems attributable to the accident and Mrs. Ritter also testified she was still experiencing pain at the time of discharge. However, the doctor did not believe anything more could be done absent complete rest, a solution which was not feasible apparently because of Mrs. Ritter’s recently resumed obligations as a special education teacher and because of her recent sabbatical.
The jury, considering all the foregoing facts, deliberated at length and reached a unanimous verdict. They did not separate the special bills from the general award. Rather, they made a general award which included all special bills incurred by the plaintiff including the medical and drug bills and the bill incurred for a rental car. A review of the evidence supports a conclusion that the jury award is not manifestly erroneous. Therefore, we find no merit in appellant’s second assignment of error.
Finally, in appellant’s third issue, it is contended that the trial judge erred in denying the motion for a new trial or a reduction in the jury’s award.
In his brief, appellant’s attorney says that, “The trial judge in this case frankly admitted that he believed that this award exceeded the bounds of a jury’s discretion.” In the hearing of appellant’s motion for a new trial or remittitur, the trial judge stated as follows:
“. .. While the award is somewhat higher than I would have given I don’t think it is so high as to be shocking or unreasonable. ... Quite frankly and I will admit the award is somewhat higher than I would have given, I don’t think it is shocking or unreasonable and I say that for a number of reasons.” (Emphasis added)
When the judge presiding over a jury trial is of the opinion that a new trial should be granted only because the jury’s verdict is too high or too low, then a remit-titur or additur is available as a means of avoiding the necessity of a new trial. Miller v. Chicago Insurance Company, 320 So.2d 134, (La.1975); Rossignol v. Rose, 378 So.2d 196 (La.App. 4th Cir.1979).
In the instant case, the trial judge did not believe the jury’s award was unreasonably high or excessive. Thus we hold this assertion meritless as well.
Accordingly, for the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.