470 So.2d 216 (1985)
Edwin R. FLEISCHMANN, Jr.
v.
The HANOVER INSURANCE COMPANY, et al.
No. CA-2771.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
Edwin R. Fleischmann, Jr., for plaintiff in pro. per.
Walter T. Gamard, II, New Orleans, for plaintiff.
*217 Gary T. Breedlove, Johnston & Duplass, New Orleans, for defendant-appellant.
Before LOBRANO, BYRNES, and ARMSTRONG, JJ.
BYRNES, Judge.
This appeal arises out of a jury award to Edwin R. Fleischmann, Jr., on behalf of his minor son Robert, for injuries Robert sustained in an accident.

FACTS
On September 8, 1982 at approximately 7:50 a.m., Robert Fleischmann, plaintiff-appellee, was riding his bicycle, river bound, on Jefferson Avenue in New Orleans. As he approached the intersection of Danneel Street a car door opened directly in front of him and a collision ensued. Appellee was thrown from his bicycle, landing on his hands and knees. He suffered residual knee damage as a result of the accident.
The jury awarded appellee $100,000.00 total damages but found him to be 28% at fault. The award was reduced accordingly to $72,000.00 and the verdict was made the judgment of the court. Appellant, Hanover Insurance Company, filed a "Motion for Remittitur", which was denied by the trial court. This appeal followed.

ASSIGNMENTS OF ERROR
Appellant specifies two assignments of error for review:
(1). The trial court erred in qualifying Dr. Charles L. Johnson as an expert in the sub-specialty of "sports medicine"; and
(2). The trial court erred in denying the Motion for Remittitur.

THE EXPERT
By this assignment appellant contends that the trial court erred in qualifying Dr. Charles L. Johnson, one of plaintiff's witnesses, as an expert in the sub-specialty of "sports medicine".
The following exchange between appellant's attorney and the court evidences the fact that Dr. Johnson was qualified as an expert in orthopedics with a special interest in orthroscopic surgery and sports medicine:
Mr. Breedlove:
Your Honor, we have no problem with Dr. Johnson's qualifications as a board certified orthopedic surgeon. We would object to the sub-specialty of sports medicine.
The Court:
I don't think he is being offered as a sub-specialist. He's being offered as an expert with a particular interest in a field as he describes it. He will be recognized.
Mr. Breedlove:
I misunderstood counsel. (Tr-94).
Dr. Johnson testified that he was a Board certified orthopedic surgeon. He further stated that he had either performed or assisted in approximately one thousand orthroscopies, including the one performed on the appellee. On cross examination, Dr. Johnson explained that there are no board certified specialties in "sports medicine". Thus, it appears that Dr. Johnson had ample training and experience in the area of orthopedic surgery, particularly orthroscopic surgery, to be qualified as an expert. See also: Burrell v. Kirkpatrick, 410 So.2d 1255 (La.App. 3rd Cir.1982). Under these circumstances, we cannot say that the trial court clearly abused its discretion in qualifying him as an expert. Absent such abuse of discretion we may not disturb the trial court's ruling in this regard. Maxwell v. Louisiana Department of Transportation and Development, 391 So.2d 1230 (La.App. 1st Cir.1980), writ denied, 394 So.2d 281 (La.1980).

THE AWARD
Appellant contends that the trial court should have granted the "Motion for Remittitur, under C.C.P. Art. 1814", wherein they asked that the award be reduced from $100,000.00 to $30,000.00. We disagree.
*218 The trial judge may grant a motion for remittitur only where he is of the opinion that the award of the jury is so excessive as to warrant a new trial solely on the issue of damages. See Rossignol v. Rose, 378 So.2d 196 (La.App. 4th Cir.1979). Thus, upon reviewing the trial judge's denial of the motion, we must determine if the jury abused its discretion and made an excessive award. In this case we find that it did not.
At the time of the accident, appellee was a junior at De LaSalle High School in New Orleans. Academically, he was ranked fifteenth in a class of 250. Athletically, he was the star member of the track team. He held all of the school's distance records and was considered one of the top runners in the state. He had aspirations to continue these outstanding academic and athletic achievements by obtaining an athletic scholarship to a major university. After the accident his class rank dropped to 24/250 and he was not able to run at his previous level. He was told by his doctors that orthroscopic surgery would help, but that his knee would never be 100% healthy. Appellee was faced with the distinct possibility that the future he had trained and worked towards most of his life was no longer possible because of his injuries.
Under these circumstances we cannot say that the trier of fact abused its much discretion in making its award. Absent such abuse, we must find that the award was not excessive and the trial court was correct in denying the Motion for Remittitur.
For the foregoing reasons the decision of the trial court is affirmed.
Costs of this appeal are to be borne by appellant.
AFFIRMED.