JAMES C. GULOTTA, Judge Pro Tem.
All parties appeal the trial court’s judgment finding plaintiff Lloyd Roger and de *1383 fendant Dennis E. Wirstrom each fifty percent comparatively negligent in this inter-sectional accident case. Defendants further appeal on the trial judge’s award to Kenneth Roger for loss of earnings and the amount of his general damages award. We affirm.
On October 23, 1987, a truck driven by Lloyd Roger and a tractor-trailer driven by Dennis Wirstrom were involved in an inter-sectional collision at St. Bernard Highway and Paris Road in St. Bernard Parish. Kenneth Roger was a passenger in the vehicle driven by Lloyd Roger and this vehicle was owned by Louis J. Roger, Sr., the father of the occupants of the truck. Dennis Wirstrom was employed by Winn-Dixie of Louisiana, Inc., on the day of this accident, was acting within the course and scope of his employment at the time of the accident and was driving a vehicle owned by Winn-Dixie.
The intersection where the accident occurred is controlled by a traffic light and has a left turn arrow that protects vehicles traveling eastbound on St. Bernard Highway when turning left onto Paris Road. A left turn at this intersection is only protected if the green arrow is on. At the time of the accident, Wirstrom was traveling eastbound on St. Bernard and attempting a left turn onto Paris Road. The Roger vehicle was traveling westbound on St. Bernard Highway and attempting to cross the Paris Road intersection at the time of the accident.
At trial, both Lloyd Roger and Dennis Wirstrom each claimed to have had the right-of-way. Wirstrom claims that he entered the intersection on a green arrow and Lloyd Roger claims that he entered the intersection on a green light. Kenneth Roger corroborated Lloyd Roger’s version of the accident.
The only independent witness, Frederick Wallace, admitted that he was looking in his briefcase at the moment the vehicles collided and, therefore, did not actually witness the accident. However, he did see the vehicles prior to the impact and testified that the Roger vehicle was stopped at a red light before it entered the intersection on a green light.
Sergeant James Pohlmann of the St. Bernard Sheriff’s office, who investigated the accident, testified the eastbound green arrow light and the westbound green light could not have both been on at the same time. He stated that the westbound green light comes on only after the eastbound green arrow and yellow arrow have gone off. Therefore, according to Pohlmann, it was not possible for both Lloyd Roger and Dennis Wirstrom to have had the right-of-way at the time of this accident. Both Lloyd and Kenneth Roger suffered injuries in this accident and Louis Roger incurred damages for repairs of his vehicle and equipment carried in the vehicle.
The trial judge rendered judgment finding Lloyd Roger and the defendants éach fifty percent comparatively negligent. After reducing plaintiffs’ awards, the trial judge rendered judgment against defendants and in favor of Louis Roger, Sr. for $1,496.09, in favor of Lloyd Roger for $217,070.80, and in favor of Kenneth Roger for $52,207.41. Judgment was also rendered in favor of Aetna Insurance Company and against Lloyd and Kenneth Roger for reimbursement of worker’s compensation benefits paid to them.
In well-considered and well-written reasons for judgment, the trial judge stated that the road was “slick due to rain” at the time of the accident and that neither driver exercised the proper degree of care under the circumstances. In connection with the plaintiff driver’s negligence, the trial judge noted that an independent witness stated that the plaintiff’s vehicle was stopped at the intersection immediately pri- or to the accident. He pointed out an inconsistency in that the plaintiff driver stated that he was moving through the intersection when the accident occurred. Irrespective of this inconsistency, the trial judge properly concluded that Lloyd Roger *1384 was negligent in not ensuring that the intersection was clear after the light had turned green for traffic traveling westbound on St. Bernard Highway. Considering the testimony as a whole, we cannot say the trial judge erred.
In connection with Dennis Wir-strom’s negligence, the trial judge found that this defendant driver had begun the turn of his tractor-trailer on a yellow arrow, and with the proper degree of caution should have known that he would not be able to complete the turn and clear the intersection before the light turned red. The record supports the trial judge’s conclusion. Again, we cannot say the trial judge erred. See Cumis Insurance Society, Inc. v. Christidis, 418 So.2d 730 (La. App. 4th Cir.1982).
Turning now to quantum, defendants argue the trial court erred in awarding past and future lost wages to Kenneth Roger. They claim that past lost wages of $7,014 were erroneously awarded because plaintiff continued to receive his salary during the time he was unable to work. In this connection, Roger stated that he did not lose any salary during this four month period. However, he later clarified that his father, who was also his employer, helped him financially while he was recuperating from surgery but that he did not receive his regular paycheck during that time. The trial judge apparently chose to believe that the money received by Kenneth Roger from his father during this period was in the form of contributions rather than salary. We find no error.
Defendants further claim that a $25,000 award for loss of future earnings was erroneous. According to defendants, medical evidence established that this plaintiff should have no permanent disability as a result of a cervical injury and corrective cervical neurotomy surgery.[1]
Both Kenneth Roger and his father testified that Kenneth’s ability to perform the type of work that he performs has been reduced by his injuries. According to the testimony of Louis Roger, Sr., he and his sons are in the business of building and erecting gates and fences. Roger, Sr. stated that Kenneth cannot lift as much weight as he did prior to the accident and that he continues to require medical care. Kenneth Roger testified that he is not capable of doing as much bending, pulling, welding and lifting as he did before the accident.
Dr. Kenneth Vogel, the neurosurgeon who performed Kenneth Roger’s cervical neurotomy surgery, testified that even though this plaintiff should have no permanent disability as a result of his injuries, he will probably have ten to twenty percent residual pain and need rehabilitation therapy. Dr. D.L. Kewalramani, an expert in physical medicine and rehabilitation, treated Kenneth Roger and testified that he can no longer engage in repeated pushing and pulling activities, cannot do repeated bending, cannot sit for more than two hours and cannot lift more than fifty to seventy-five pounds. Susan Smith, an occupational therapist who evaluated this plaintiff, testified that Kenneth Roger has limited endurance for activities such as stooping, crouching, pushing and pulling. She determined that this plaintiff will have difficulty lifting objects which weigh more than thirty-five pounds which he will have to do in his occupation as an ornamental ironworker.
In light of the testimony of these witnesses, we find that the trial judge acted within his discretion in awarding Kenneth Roger $25,000 for future loss of wages.
Finally, the defendants argue the trial judge’s award to Kenneth Roger of $50,000 in general damages was excessive. Following the accident, this plaintiff was treated at Chalmette General Hospital for cuts on his face, arms and elbows. He was released from the hospital but returned later that night because of severe pains in his back and neck. He was told that he was suffering from muscle spasms. One *1385 month later, this plaintiff sought treatment from Dr. Kewalramani for continuing neck and back pain. She noticed spasms in his neck and tenderness in his back area and prescribed anti-inflammatory medication.
Dr. Kenneth Vogel, who performed the cervical surgery, initially treated Roger for arm, back and leg pain. Dr. Vogel’s findings included mild limitation of motion, scoliosis, spasms and tenderness. When this plaintiffs pain continued to the point that he was unable to work, Dr. Vogel conducted tests and performed the surgery to relieve the pain. Kenneth Roger was hospitalized for two nights and was still reporting pain several months later. As stated above, Dr. Vogel testified that Kenneth Roger will probably have ten to twenty percent residual pain.
Following surgery, Kenneth Roger continued to be treated by Dr. Kewalramani for neck pain and headaches. He was unable to work for four months following his surgery and was still suffering neck and back pain when he returned to work. He testified that he still receives medical care and takes medication for continuing neck and back pain and occasional pain in his arms.
Defendants cite the case of Alexander v. Derouen, 540 So.2d 591 (La.App. 5th Cir. 1989), in which a plaintiff was awarded $10,000 in general damages for injuries similar to those sustained by Kenneth Roger and for the same surgical procedure as that performed on Kenneth Roger. However, the court in Alexander stated that this award was in the low range for cases involving people with similar injuries. The evidence in this case regarding Kenneth Roger’s pain and suffering supports the general damage award of $50,000. Although this award is in the higher range, it is not so excessive as to amount to an abuse of the trial judge’s discretion.
Accordingly, because we find no manifest error, we affirm the trial court judgment.
AFFIRMED.

. Dr. Kenneth Vogel, the neurosurgeon who performed this surgery, explained that a cervical neurotomy is a procedure in which a nerve that was previously blocked is severed with an electrode.